476 So.2d 275 (1985)
Jessie G. LERMA, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1695.
District Court of Appeal of Florida, Fifth District.
October 3, 1985.
*276 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING OR CLARIFICATION
SHARP, Judge.
Pursuant to Albritton v. State, 476 So.2d 158 (Fla. 1985), which held that the extent of a trial judge's departure from a guidelines sentence is a reviewable matter on appeal, we grant Lerma's motion for rehearing, and withdraw our per curiam affirmance. In its place, we issue the following.
In this case, Lerma pleaded guilty to sexual battery through use of slight force,[1] a second degree felony. He had been charged additionally with kidnapping, but pursuant to a plea bargain, that charge was dropped by the state. Part of the bargain also was the prosecutor's agreement not to recommend a sentence which departed from the guidelines recommended range. The guidelines recommended sentence was a four and one-half to five and one-half year prison term. However, the trial judge imposed the maximum statutory penalty under law, fifteen years, which was a departure upward of four brackets.
The trial judge gave as his reasons for departing from the guideline sentence, the following:
1. On June 9, 1984, at approximately 6:30 in the morning, defendant Lerma appeared at a convenience store, waited while the victim (the only clerk on duty) opened the store and waited on the only other customer. Defendant then grabbed the victim, forced her into the back of the store, told her two times that he would cut her throat if she screamed (she did not see a knife), forced her to disrobe and forced his penis in her vagina and in her mouth until he ejaculated. He then forced her out of the store, told her she "was worth $50,000 to him" and that he "was going to take her 2 miles down the road." As they got close to the victim's car parked nearby, she managed to break free and run to safety to a service station across the street.
2. Defendant intentionally and consciously premeditated his crime and his escape plan utilizing the victim's car (although this plan was aborted).
3. Defendant committed two (2) separate acts of sexual battery: intercourse and fellatio.
4. The victim was an especially susceptible single female and has been more physically and emotionally traumatized than the average victim of this degree of sexual battery. She was a slight female, weighing approximately 108 lbs., while the defendant is a stocky, muscular male. She was bruised by defendant's forcible attack. She was no doubt in terror that she would be abducted and killed. After defendant's arrest, the defendant was diagnosed as having active infectious hepatitis. Victim had to be informed of this fact and on two (2) occasions, had to undergo blood testing and administration of antibiotics. (She did not contract the disease, but of course feared that she might.) Apparently, economics has forced her to continue to work at this same store causing her continued embarrassment *277 and stigma as a rape victim rather than being able to change jobs and communities so as to effect some anonymity.
We have held that victim injury and trauma constitute a valid clear and convincing reason to depart from the recommended range, Hankey v. State, 458 So.2d 1143 (Fla. 5th DCA 1984), and that the circumstances of the way the crime was committed, indicating excessive brutality and clear premeditation, may also be considered. Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984). The record supports the trial judge's findings on these points. Further, there were indications also in the record that Lerma is a dangerous individual, and that he is deserving of greater punishment than that recommended by the guidelines.
However, the PSI report indicates Lerma was classed as a "first offender." He has no prior felony convictions, and he is only twenty-two years old. He admitted his guilt in this case and said his crime was committed under the influence of alcohol and drugs. He further admitted to a problem with alcohol and substance abuse.
In Albritton the court considered adopting a "cap" on departure sentences, of one range. It rejected that approach and held:
[T]he proper standard of review is whether the judge abused his judicial discretion. An appellate court reviewing a departure sentence should look to the guidelines sentence, the extent of the departure, the reasons given for the departure, and the record to determine if the departure is reasonable.
476 So.2d at 158. Here, we find reasonable judges could impose disparate sentences in this case, including the one imposed here. Therefore, the trial judge did not abuse his discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Accordingly, this appeal is
AFFIRMED.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] § 794.011(5), Fla. Stat. (1983).