481 So.2d 72 (1986)
John Anthony CASTEEL, Appellant,
v.
STATE of Florida, Appellee.
No. BC-480.
District Court of Appeal of Florida, First District.
January 3, 1986.
*73 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
PER CURIAM.
This cause is before us on appeal from a judgment, pursuant to a jury verdict, adjudicating defendant guilty of sexual battery with use of a deadly weapon and burglary of a dwelling while armed with a dangerous weapon, and a sentence of 30 years, a departure from the guidelines range. On appeal, defendant challenges, inter alia, the trial court's departure from the guidelines range.
Based on the evidence presented, the trial court departed from the 17-to-22-year recommended guidelines range, giving the following written reasons:
1. The offenses for which the Defendant was sentenced involved the use by him of a dangerous weapon, to wit: a knife.
2. The offenses for which the Defendant was sentenced were committed in a calculated manner without pretense of moral or legal justification.
3. The Defendant's prior history of criminal activity and behavior establishes a pattern of conduct that renders him a continuing and serious threat to the community.
4. The offense of Sexual Battery for which the Defendant was sentenced was committed in the view of the victim's son, who was 15 years of age at the time of the offense, and even though the Defendant might not have been aware of the boy's presence, the Defendant's offense will have a lasting traumatic effect on the boy as well as the victim.
5. The Defendant shows little or no remorse for having committed the offenses *74 for which he was sentenced. At the trial he testified that he was intoxicated and did not remember what happened. Such testimony is contrary to that of the victim and the testimony of the police officers with respect to Defendant's statements at the scene of the crime.
The first reason for departure, defendant's use of a knife, is a valid reason for departure. While use of the knife is an element inherent in the charge of sexual battery with use of a deadly weapon,[1] a first-degree burglary[2] requires only that the defendant be armed with a dangerous weapon. Therefore, the actual use of the knife is not a factor considered in the establishment of the guidelines range for first-degree burglary and is a valid reason for departure.
The second reason recognizes the calculated manner in which the crime was committed. Because sexual battery with use of a deadly weapon is not a specific intent crime, the calculated manner in which it was committed is not a necessary element and therefore not considered in the establishment of the recommended guidelines range. This too is a valid reason for departure. Lerma v. State, 476 So.2d 275 (Fla. 5th DCA 1985) ("clear premeditation").
Reason number three, that defendant's pattern of conduct renders him a continuing threat to the community, is based factually on defendant's prior convictions and on the current conviction, and is an improper basis for a departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Smith v. State, 10 FLW 2370 (Fla. 1st DCA October 18, 1985).
Reason number four, that the sexual battery was committed in the presence of the victim's son and will have a traumatic effect on the victim and the son, i.e., emotional trauma of the victim, has been approved as a valid reason for departure. Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984). In Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985), the court holds that psychological trauma inflicted upon the victim and his family is properly considered as a reason for exceeding the guidelines. We hold the traumatic effect on the victim's son as well as the victim are valid reasons for departure.
The State concedes the final reason, lack of remorse, is not supported by the record and is not a valid reason for departure. Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985).
Therefore, we conclude that three of the five reasons for departure given were valid or clear and convincing reasons for departure. Applying the test of Albritton v. State, 476 So.2d 158 (Fla. 1985), we are convinced beyond a reasonable doubt that the trial court would have exceeded the guidelines sentence regardless of the improper reasons stated because of the particular circumstances of the offenses, the heinous, repugnant manner[3] of commission, *75 and the emotional trauma to the minor child present.
While we affirm the sentence imposed, we certify the following question as one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED ON BOTH VALID AND INVALID REASONS FOR DEPARTURE, WHAT FACTORS SHOULD THE COURT WEIGH IN DETERMINING WHETHER IT IS CONVINCED BEYOND A REASONABLE DOUBT THAT THE ABSENCE OF THE INVALID REASON OR REASONS WOULD NOT HAVE AFFECTED THE TRIAL COURT'S EXERCISE OF ITS DISCRETION IN DEPARTING FROM THE GUIDELINES.
Affirmed.
BOOTH, C.J., and NIMMONS, J., concur.
ZEHMER, J., concurs in part and dissents in part.
ZEHMER, Judge, concurring in part and dissenting in part.
I concur with the majority that grounds two and four are legally sufficient to justify departure from the sentencing guidelines and that ground five is insufficient. I do not agree that the first ground, reciting use of the knife, should be used to aggravate the burglary charge. Both the sexual battery and burglary charges grew out of the same acts in a single episode. As the majority opinion notes, use of the knife is an element inherent in the charge of sexual battery with use of a deadly weapon. That charge was used as the primary offense at conviction for purposes of calculating the sentencing guidelines score. I find it difficult to comport permitting use of this ground with the now-accepted notion that there is "a lack of logic in considering a factor to be an aggravation allowing departure from the guidelines when the same factor is included in the guidelines for purposes of furthering the goal of uniformity." Hendrix v. State, 475 So.2d 1218 (Fla. 1985). To allow use of an essential element of the primary offense as an aggravating factor in a subordinate or "other" offense amounts to allowing "the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence" and would be counting such factor twice, "contrary to the intent and spirit of the guidelines." Ibid.
I would not affirm this sentence under the reasonable doubt standard for appellate review set down in Albritton v. State, 476 So.2d 158 (Fla. 1985). The state has presented no argument to us to carry its burden under this test. Moreover, I have encountered substantial difficulty in applying the "reasonable doubt" standard to the review of sentencing guidelines departures because that standard, in effect, requires the appellate court to discern what was in the mind of the sentencing judge by weighing the relative importance the trial judge placed on the various factors recited for departure from the guidelines. I am as offended as the majority at "the heinous, repugnant manner of commission" of the offenses committed by appellant, but this quoted language does not appear in the written reasons assigned by the trial judge. Since we are not the sentencing court, we should not be adding it by inference or implication. In view of my serious concern regarding use of the reasonable doubt standard in reviewing departure from the guidelines, I join in certifying the question stated in the majority opinion.
NOTES
[1] Section 794.011(3), Florida Statutes, Sexual Battery:

A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony, punishable as provided in 775.082, 775.083, or 775.084.
[2] Section 810.02(2), Florida Statutes, Burglary:

Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in 775.082, 775.083, or 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault or battery upon any person.
(b) Is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon.
[3] Evidence presented at trial established the following: defendant attended a poker game at which he consumed about 15 beers and smoked two marijuana joints, after smoking four joints that afternoon. Defendant knocked on victim's door shortly after 10:00 p.m. to ask if she was attending the party. She said "no" and locked the door. She dozed off but awoke to a knock at the door. As she opened the door, defendant struck her in the face, breaking her jaw, displayed a knife, and ordered her to have oral sex with him. He then cut her blouse with the knife, forced her to undress and had vaginal sex with her. Victim's 15-year-old son was awakened by a scream, observed defendant on top of victim, and heard defendant's demands on the victim. The son called the police and waited in the bedroom. Officers responded to the scene, heard a cry for help, entered the victim's apartment, removed defendant from on top of the victim, and handcuffed him. The knife was found under a pillow. Defendant stated to arresting officers that the victim invited him to engage in sexual intercourse, and the knife belonged to the victim. He later made a similar statement to another detective.