486 So.2d 16 (1986)
Robert Wayne PATTY, Appellant,
v.
STATE of Florida, Appellee.
No. BF-260.
District Court of Appeal of Florida, First District.
March 13, 1986.
Rehearing Denied April 29, 1986.
*17 Michael E. Allen, Public Defender and Larry G. Bryant, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Patty appeals from the imposition of a sentence outside of the guidelines. We reverse and remand for sentencing.
Patty pled guilty to burglary while armed, a first degree felony, and grand theft of a firearm, a third degree felony. The guidelines scoresheet recommended 5 1/2 to 7 years imprisonment. The trial judge departed from the guidelines range, sentencing Patty to 15 years for burglary while armed, and a one year concurrent sentence for grand theft. In departing from the guidelines, the trial judge stated:
1. The offense involved the use by the Defendant of a dangerous weapon.
2. The Defendant's prior history of theft and dishonest behavior establishes a pattern of conduct that renders him a continuing and serious threat to the community. This prior criminal conduct has been committed over at least two separate states.
3. The Defendant has been committed to the state prison four previous times for the same or similar offenses, which indicates his lack of rehabilitation and his propensity to continue the same type of criminal activity.
4. The sentence prescribed by the Florids [sic] Sentencing Guidelines is insufficient to deter this Defendant.
The first reason for departure, defendant's use of a dangerous weapon, is a valid reason for departure. Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986). The second reason, that defendant's prior history of theft and dishonest behavior establishes a pattern of conduct rendering him a continuing and serious threat to the community, is an invalid reason for departure. In Casteel, this court stated that because such reason is based factually on a defendant's prior convictions, it is an improper basis for a departure. Id. See also Hendrix v. State, 475 So.2d 1218 (Fla. 1985), wherein the Florida Supreme Court held it is improper to depart from the guidelines based upon a factor  prior criminal convictions  which has already been scored in the presumptive sentence.
We also find the trial judge's third reason for departure invalid. Although we have held that "lack of rehabilitation" alone is a clear and convincing reason for departure, Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984); Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984); Williams v. State, 454 So.2d 751, 753 (Fla. 1st DCA 1984), because the lower court linked such *18 reason to defendant's prior convictions, it is improper.[1]Casteel; Hendrix.
The fourth reason, that the recommended sentence is insufficient to deter the defendant, is a valid reason to depart. Mincey; Williams.
We conclude that two of the four reasons for departure are valid. However, we cannot conclude beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). Therefore, in accordance with Albritton, we reverse and remand for resentencing.
WIGGINTON, J., concurs.
McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concurs specially.
NOTES
[1] Cf. Williams v. State, 11 FLW 581 (Fla. 1st DCA March 5, 1986) (specific detailed description of frequency, pattern and timing of prior convictions may under certain cases be a proper basis for departure). However, in Casteel as well as in the case at bar, a blanket statement that a defendant's prior convictions establishes a pattern of conduct and indicates a lack of rehabilitation (reasons two and three advanced as reasons for departure by the trial judge below), without more, is a clear violation of the Hendrix rule.