UPCHURCH, Judge.
Lonnie Phelps appeals a judgment and sentence for the second-degree murder of his wife. The trial judge departed from *1285 the sentencing guidelines and sentenced Phelps to forty years in prison. The recommended guideline sentence was twelve to seventeen years imprisonment. We affirm the judgment of conviction but reverse the departure sentence.
The trial court departed from the recommended guideline sentence based on the following written reasons:
I do find from the circumstances presented during the trial of this case that the victim, Hazel Phelps, the defendant’s wife, was apparently killed as she lay helpless in bed. She was beheaded, eviscerated, and her body was further mutilated. The headless body was later thrown into a trash dumpster. The manner in which this crime was committed and efforts to cover up this crime have caused the survivors of this victim to endure particularly horrendous mental anguish and grief.
This was a cruel, senseless killing with no pretense of justification of excuse.
I think that these are circumstances that do severely aggravate this particular crime.
This court has previously held that the circumstances of the way a crime was committed may constitute a clear and convincing reason for departure. Lerma v. State, 476 So.2d 275 (Fla. 5th DCA 1985). In Lerma, the way the crime was committed indicated excessive brutality and premeditation. In the present case, however, there was nothing to indicate the crime was committed in an excessively brutal manner. There was no evidence of a struggle or that the victim was even aware of the impending attack. The mutilation of the body, while nauseating and perverted, apparently occurred subsequent to death and thus does not indicate the killing was excessively brutal.
Judgment affirmed; sentence vacated and cause remanded for for resentencing.
COBB, C.J., and COWART, J., concur.