489 So.2d 754 (1986)
Marjorie O. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. BG-344.
District Court of Appeal of Florida, First District.
February 27, 1986.
On Motion for Rehearing June 13, 1986.
*755 Robert Stuart Willis of Law Offices of Robert Stuart Willis, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Davis appeals a sentence imposed outside the sentencing guidelines on the grounds that the trial court did not express clear and convincing reasons for the departure. We affirm.
Davis was arrested for the shooting death of her husband. Pursuant to a plea agreement with the State, Davis pled guilty to Second Degree Murder and to Use of a Firearm During the Commission of a Felony. *756 The sentence recommended by the guidelines for the murder was 12 to 17 years incarceration. The trial judge exceeded the guidelines sentence by 23 years in imposing the statutory maximum sentence of 40 years.
From the judge's lengthy written justification for departure from the guidelines sentence it is possible to extract the following four reasons:
1. The cold-blooded nature of the offense.
2. Abuse of the trust of a family relationship.
3. Presence of the victim's son in the house.
4. Defendant's sanity and absence of "abused spouse syndrome."
Davis is correct in arguing that to the extent that "cold-blooded" might denote premeditation it would be an invalid reason on which to base guidelines deviation. A finding of premeditation would be the equivalent of "considering crimes for which no conviction were obtained" (i.e., First Degree Murder) which is prohibited as a basis for exceeding guidelines sentences. Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984).
However, in the manner that this judge used the term cold-blooded, it is clear from his written reasons that he was contemplating the cruelty with which this crime was committed. Mrs. Davis fired five shots at her sleeping husband from point blank range, then left the house while he staggered to the phone in another room to call for help. We recently affirmed a thirty-year sentence imposed for Second Degree Murder where the offense was "carried out with particular cruelty ... in the presence of family members" in Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985). The cold-bloodedness of Davis' offense is a valid reason for departure. It is valid consideration of "circumstances surrounding the crime itself" specifically allowed by 3.701(d)(11), F.R.Crim.P. See, Garcia and Wilson v. State, 454 So.2d 714 (Fla. 1st DCA 1984).
Florida recognizes breach of trust or abuse of a relationship as valid grounds for departure from guidelines sentences. Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1985). Therefore, the trial judge's second reason for departure is valid.
It is clear that a possible long lasting traumatic effect on a child of the victim is a valid reason for departure from the guidelines. See Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986) and Scurry v. State, supra. That the judge would be able to immediately ascertain whether or not there was such damage is inconceivable so testimony that Davis' son is doing well while living with his paternal grandparents is not dispositive. The Davis child was removed from the house by police officers after having been awakened during the murder of his father. Upon his mother's arrest he has been deprived of not only his father, but his mother too.
The fourth reason stated above is an attempt at distilling a reason from the trial judge's unenumerated reasons for departure. As justification for departure, the statements do not meet the "clear and convincing" standard required by 3.701 F.R. Crim.P. and thus cannot be held as valid reasons.
The State's argument that because Davis dropped insanity as a defense she cannot bring up evidence of her current mental status and past abusive treatment as mitigating factors in sentencing is without merit. Davis is not estopped from asserting these circumstances in hopes of mitigating her sentence just because they may have been considered in reducing her charge from First Degree Murder.
Davis argues that the judge clearly abused his discretion by ignoring hundreds of letters and several witnesses attesting to Ms. Davis' fine character. We find no abuse of discretion there.
Since we are faced with one invalid and three valid reasons for departing from sentencing guidelines, we are governed by Albritton v. State, 476 So.2d 158 (Fla. *757 1985). The State has met its burden of showing beyond a reasonable doubt that the absence of the invalid reason would not have affected the departure sentence.
Accordingly, we affirm.
SHIVERS and NIMMONS, JJ., concur.

ON MOTION FOR REHEARING
JOANOS, Judge.
Davis raises a number of points in a motion for rehearing. While we have determined that the motion should be denied, we believe that two points raised should be discussed. First, the extent of the departure from the guidelines sentence and second, whether the evidence is sufficient to uphold the presence of the victim's son in the house as a clear and convincing reason to depart from the guidelines.
The appellant correctly points out that this court failed to address the extent of the departure from the guidelines in our opinion. However, we did not fail to consider the question.
The extent or degree of departure is subject to appellate review according to Albritton v. State, 476 So.2d 158 (Fla. 1985). We have studied the record and are cognizant of the items pointed out by appellant, including that she had no prior criminal history, was considered by several of her friends to be of good character and the evidence that she had been mistreated by her husband before this incident. We are also aware that the sentence imposed is more than double the maximum guidelines sentence allowed. We have determined that the trial judge had good grounds for departure and that, although one ground was an invalid one, it is clear beyond a reasonable doubt that the exclusion of that ground would not affect the extent of the departure. We find no abuse of discretion in the imposition of the sentence.
The appellant then urges that the holding in State v. Mischler, 488 So.2d 523 (Fla.S.Ct., 1986) warrants reconsideration of our decision that the presence of the victim's son in the house at the time of the homicide constituted a clear and convincing reason to depart from the guidelines. Davis emphasizes, and with good reason, that the proof of long-lasting traumatic effect on the son is not proven beyond a reasonable doubt. But this argument misses the point. The point is that Mrs. Davis killed her husband and is subject to sanction. That she chose to do so in the presence of her (and the victim's) son is a factor considered by the judge as one making the commission of the crime more horrible, a factor which justified exceeding the sentence normally imposed for second degree murder.
Mischler has reiterated that reasons for exceeding the guidelines must be clear and convincing to warrant aggravating a sentence. In seeking to define "clear and convincing" the Florida Supreme Court held:
"... `clear and convincing reasons' require that the facts supporting the reasons be credible and proven beyond a reasonable doubt. The reasons themselves must be of such weight as to produce in the mind of the judge a firm belief or conviction, without hesitancy, that the departure is warranted." Mischler at 525.
In this case, the facts supporting the reason (presence of the son) are credible and proven beyond a reasonable doubt. That is, Mrs. Davis shot Mr. Davis while their son was in the house, their son was removed from the house by police officers, the son no longer has a father or a mother to live with.
Trauma to the son by virtue of his presence at the incident was of concern to the judge. We have previously held that trauma to family members is a valid reason to depart from the guidelines. Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986). Future trauma to the child of the victim, of course, cannot be proved or disproved at this point in time. But commission of this kind of crime in the presence of a child was undoubtedly not figured into the mathematical formula of the guidelines, and commission of this crime in the presence of this *758 child obviously produced in the mind of the judge a firm conviction that the departure was warranted.
Our role, as stated by the Mischler court, is to merely review the reasons given to support departure and determine whether the trial court abused its discretion in finding those reasons clear and convincing. We have done so and find the trial judge acted within his discretion. Accordingly, the motion for rehearing is denied.
SHIVERS and NIMMONS, JJ., concur.