498 So.2d 1249 (1986)
John Anthony CASTEEL, Petitioner,
v.
STATE of Florida, Respondent.
No. 68260.
Supreme Court of Florida.
December 11, 1986.
Rehearing Denied January 5, 1987.
*1250 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Barbara Ann Butler and Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
We have for review Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986), in which the district court certified the following question as one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED ON BOTH VALID AND INVALID REASONS FOR DEPARTURE, WHAT FACTORS SHOULD THE COURT WEIGH IN DETERMINING WHETHER IT IS CONVINCED BEYOND A REASONABLE DOUBT THAT THE ABSENCE OF THE INVALID REASON OR REASONS WOULD NOT HAVE AFFECTED THE TRIAL *1251 COURT'S EXERCISE OF ITS DISCRETION IN DEPARTING FROM THE GUIDELINES.
Id. at 75. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and quash and remand to the district court.
Pursuant to a jury verdict, Casteel was adjudicated guilty of sexual battery with use of a deadly weapon, section 794.011(3), Florida Statutes (1983), and burglary of a dwelling while armed with a dangerous weapon, section 810.02(2), Florida Statutes (1983). Departing from the recommended guidelines ranges of seventeen to twenty-two years for the sexual battery and five and a half to seven years for the burglary, the trial judge sentenced Casteel to thirty years on each count, to run concurrently. In his sentencing order the trial judge gave the following reasons for departure:
1. The offenses for which the Defendant was sentenced involved the use by him of a dangerous weapon, to wit: a knife.
2. The offenses for which the Defendant was sentenced were committed in a calculated manner without pretense of moral or legal justification.
3. The Defendant's prior history of criminal activity and behavior establishes a pattern of conduct that renders him a continuing and serious threat to the community.
4. The offense of sexual battery for which the Defendant was sentenced was committed in the view of the victim's son, who was 15 years of age at the time of the offenses, and even though the Defendant might not have been aware of the boy's presence, the Defendant's offense will have a lasting traumatic effect on the boy as well as the victim.
5. The Defendant shows little or no remorse for having committed the offenses for which he was sentenced. At the trial he testified that he was intoxicated and did not remember what happened. Such testimony is contrary to that of the victim and the testimony of the police officers with respect to the Defendant's statements at the scene of the crime.
On appeal the district court found reasons three (prior history of criminal activity) and five (lack of remorse evidenced by Casteel's testimony at trial that he did not remember what happened) invalid but found the other three reasons for departure to be clear and convincing. Concluding "beyond a reasonable doubt that the trial court would have exceeded the guidelines sentence regardless of the improper reasons stated because of the particular circumstances of the offenses, the heinous, repugnant manner of commission, and the emotional trauma to the minor child present," the district court affirmed the sentence. 481 So.2d at 74-75 (footnote omitted).
In a case such as this, where an appellate court finds that a sentencing court relied on both valid and invalid reasons for departure, the sentence must be reversed and the case remanded for resentencing unless the state can show beyond a reasonable doubt that the trial court would have rendered the departure sentence in the absence of the invalid reasons. Albritton v. State, 476 So.2d 158, 160 (Fla. 1985). In other words, the reviewing court must be satisfied that there is no reasonable possibility that the elimination of the invalid reasons would have affected the departure sentence. This standard of review is essentially the harmless error analysis as set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and most recently explained by this Court in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). This harmless error test was adopted as a tool to avoid reversal when a departure sentence is partially based on invalid reasons which are clearly superfluous and, thus, consideration of those factors by the sentencing judge was harmless.[*]
*1252 In determining whether consideration of the invalid reasons was truly harmless beyond a reasonable doubt the reviewing court should consider the relative importance of the invalid reasons. Looking to the overall record, the court should consider how substantial or compelling the reasons appear and how much weight the trial court placed on the invalid reasons. In his dissent, Judge Zehmer notes that he has "encountered substantial difficulty in applying the `reasonable doubt' standard to the review of sentencing guidelines departures because that standard, in effect, requires the appellate court to discern what was in the mind of the sentencing judge by weighing the relative importance the trial judge placed on the various factors recited for departure from the guidelines." 481 So.2d at 75 (Zehmer, J., concurring in part and dissenting in part). As is the case with any determination which is to be made by a reviewing court, the reasonable doubt analysis employed in reviewing a sentencing guidelines departure should be made solely from the record. Resort to "mind reading" is not necessary and, in fact, the need to resort to such mind reading would evidence a reasonable doubt. If a reviewing court cannot discern from the record that there is no reasonable possibility that the absence of the invalid reasons would have affected the departure sentence, the sentencing court's consideration of the improper reasons must be considered harmful and the case should be remanded for resentencing.
In making this determination the reviewing court is not to substitute its judgment for that of the trial court. An appellate court must look only to the reasons for departure enumerated by the trial court and must not succumb to the temptation to formulate its own reasons to justify the departure sentence. Although a review of the record may reveal clear and convincing reasons for departure which were not expressly cited by the trial court, such reasons should not be considered.
In the instant case the district court considered, along with enumerated reasons for departure, the "heinous, repugnant manner of commission." Although the state urged this reason for departure, the trial judge did not expressly rely on this factor as a reason for departure. Therefore, even if the heinous, repugnant manner of commission were a clear and convincing reason for departure, it should not have been factored into the district court's harmless error analysis in this case.
Casteel contends the three reasons which were upheld by the district court are not clear and convincing reasons for departure. As to reason number one, use of the knife, the district court reasoned "[w]hile use of the knife is an element inherent in the charge of sexual battery with use of a deadly weapon, a first-degree burglary requires only that the defendant be armed with a dangerous weapon. Therefore, the actual use of the knife is not a factor considered in the establishment of the guidelines range for first-degree burglary and is a valid reason for departure." 481 So.2d at 74 (footnotes omitted, emphasis in original). Although this reasoning has superficial appeal, we find the analysis employed by Judge Zehmer to be the better reasoned. As stated by Judge Zehmer:
To allow use of an essential element of the primary offense as an aggravating factor in a subordinate or "other" offense amounts to allowing "the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence" and would be counting such factor twice, "contrary to the intent and spirit of the guidelines."
481 So.2d at 75 (Zehmer, J., concurring in part and dissenting in part) (quoting Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985)). We agree with Judge Zehmer that Casteel's use of a knife cannot constitute a clear and convincing reason for departure.
Reason number two, the calculated manner of commission, is a clear and convincing reason for departure. "Premeditation *1253 or calculation is not an inherent component of the crime of sexual battery" and may support a departure sentence if proved beyond a reasonable doubt. Lerma v. State, 497 So.2d 736, 739 (Fla. 1986). Since this factor was amply supported in the record, its consideration by the trial court was not an abuse of discretion.
Finally, we consider reason number four, psychological trauma inflicted upon the victim and her son. Casteel argues that psychological trauma cannot be considered a clear and convincing reason for departure because it is inherent in the nature of the offense of sexual battery. See Smith v. State, 479 So.2d 804, 808 (Fla. 1st DCA 1985), review denied, 488 So.2d 831 (Fla. 1986). In Lerma v. State, we recently agreed with this basic premise, stating:
emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim.
At 739. However, the emotional trauma to the victim resulting from the fact that she knew her son witnessed the crime is not an inherent component of the crime of sexual battery. Psychological trauma arising from extraordinary circumstances which are clearly not inherent in the offense charged may properly serve as a clear and convincing reason for departure. See Hankey v. State, 485 So.2d 827 (Fla. 1986); see also Davis v. State, 489 So.2d 754, 757 (Fla. 1st DCA 1986). The same reasoning leads us to the conclusion that the emotional trauma experienced by the victim's son who witnessed the sexual assault on his mother may also serve as a clear and convincing reason for departure. Further, the mere fact that the boy witnessed the brutal violation of his mother would constitute a clear and convincing reason for departure. See Fla.R.Crim.P. 3.701(b)(3) ("The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense."). The fact that Casteel was unaware of the boy's presence does not affect this conclusion. Since there is sufficient record support for a finding that both the victim and her son suffered emotional trauma as a result of this truly unfortunate and most atypical experience, the trial court did not abuse its discretion in considering psychological trauma to the victim and her son as a reason for departure.
Accordingly, because we find reason number one, use of the knife, an invalid reason for departure and because the district court improperly considered the heinous and repugnant manner in which the crime was committed in affirming the sentence, we quash the decision below and remand to the district court for reconsideration in light of this opinion.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
BARKETT, J., concurs in result only.
SHAW, J., dissents.
NOTES
[*] As with any harmless error analysis, the analysis adopted by this Court in Albritton is not susceptible to a precise formulation. There is no comprehensive list of factors which are to be considered. The factors which we here suggest may not be all inclusive and are given in an attempt to provide the guidance requested.