DAUKSCH, Judge.
This is an appeal from a judgment and sentence. Appellant was charged and convicted of second degree murder. Appellant presents three points on appeal. We find that the first two are without merit. The third point on appeal is with regard to the trial court’s departure from the sentencing guidelines. This point has merit and warrants a resentencing.
As his reasons for departure, the trial court listed the following:
1) Number of stab wounds (7 to the neck —2 which severed juglar [sic] veins— excessive injuries inflicted.
2) Victim had no defensive stab wounds, which indicates he was helpless during the stabbing.
*343 3) Crimes were committed in a cold, callous, cruel and heinous nature.
Appellant correctly contends that under this court’s recent opinion in Holden v. State, 487 So.2d 1199 (Fla. 5th DCA 1986), excessive use of force cannot be a valid reason for a departure where death is the result of the criminal act for which the defendant was convicted. In so holding, this court noted the fourth district’s findings in Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986), in which the fourth district held that the excessive use of force was an invalid reason for departure where the underlying conviction was for manslaughter with a firearm. Thus, under Holden and Hannah, the trial court’s first reason for departure is invalid.
Appellant correctly contends also that the trial court’s second reason for departure is also invalid. In Phelps v. State, 490 So.2d 1284 (Fla. 5th DCA 1986), this court held that where there was no evidence of a struggle and no evidence that the victim was aware of her impending attack while she lay helpless in her bed, the defendant’s killing of his wife was not excessively brutal so as to warrant a departure from the sentencing guidelines. Additionally, in Williams v. State, 492 So.2d 1308 (Fla.1986), the supreme court recently held the fact that the victim was stabbed while sleeping and therefore more vulnerable not to be a clear a convincing reason for departure. Thus, under Williams and Phelps, the trial court’s second reason for departure is invalid.
Finally, appellant correctly contends that the trial court’s third reason for departure is also invalid. This^ reason constitutes an inherent component of the statutory definition of second degree murder and as such may not support a departure sentence. Under State v. Mischler, 488 So.2d 523 (Fla.1986), a reason based upon an inherent component of a crime with which the defendant is charged and convicted cannot stand as a valid reason for a departure. Thus, the trial court’s third reason for departure is also invalid.
Because each of the trial court’s reasons for departure are invalid, the case must be remanded for resentencing within the sentencing guidelines.
SENTENCE VACATED; REMANDED.
UPCHURCH, C.J., and COWART, J., concur.