SANDERLIN, Judge.
Appellant challenges her sentence which represents a departure from the recommended guidelines range. We reverse and remand for resentencing within the guidelines.
A jury found appellant guilty of child abuse, a violation of section 827.04(1), Florida Statutes (1985). The recommended sentence under the guidelines was any non-state prison sanction. At the sentencing hearing, the trial judge sentenced appellant to five years imprisonment and stated that he was exceeding the guidelines because:
She is a clear menace to society, a menace to her own child and a menace to any child she comes in contact with. Absolutely premeditated, unprovoked, terrible situation. No excuse for it. The child was beaten and burned, and there is no reason in the world to think this was anything other than an intentional act. I am exceeding the guidelines for that reason.
I want those photographs attached to the order in exceeding the guidelines. I want the facts of the case put in the order exceeding the guidelines and the fact that she now has her own child, and she is a menace to that child and a menace to society in general.
No written reasons for departure appear in the record.
On the outset, appellant’s sentence must be reversed and remanded for resen-tencing because the trial court failed to provide written reasons for departure. State v. Boynton, 478 So.2d 351 (Fla.1985), cert. denied, — U.S.-, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986).
Further, on remand the trial court is instructed to resentence appellant within the guidelines because none of the reasons for departure announced at the sentencing hearing are “clear and convincing.”
The record does not support the reason that appellant was a “clear menace to society, a menace to her own child and a menace to any child she comes in contact with.” Her own child was not even bom when she committed the offense for which she was sentenced.
There is no record support for the reason that the offense was “[absolutely premeditated.” See Casteel v. State, 498 So.2d 1249 (Fla.1986), and Lerma v. State, 497 So.2d 736 (Fla.1986) (both cases holding that premeditation may be a valid reason for departure where it is not an element of the offense and is proven beyond a reasonable doubt).
Finally, the reason that the act was “intentional” is an element of the offense for which appellant was convicted. See § 827.04(1), Fla.Stat. (1985) (“Whoever ... knowingly or by culpable negligence, permits physical or mental injury to the child, and in so doing causes great bodily harm *684 ... shall be guilty of a felony of the third degree_”). This reason cannot be considered as a basis for departure. Fla.R.Crim.P. 3.701(d)(11); Hendrix v. State, 475 So.2d 1218 (Fla.1985).
Accordingly, we reverse appellant’s sentence and remand for resentencing within the guidelines. On remand, the trial court should use a category 9, rather than a category 4, scoresheet, and appellant’s offense should be scored as a third degree, rather than a second degree, felony.
CAMPBELL, A.C.J., and HALL, J., concur. •