515 So.2d 291 (1987)
Ignacio MORA, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1112.
District Court of Appeal of Florida, Second District.
October 21, 1987.
Rehearing Denied November 16, 1987.
*292 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Ignacio Mora, appeals the sentence imposed by the trial court. We reverse.
The appellant was charged with burglary with assault or battery in violation of section 810.02, Florida Statutes (1983), and sexual battery in violation of section 794.011(5), Florida Statutes (1983). After a nonjury trial, the trial court found the appellant guilty of the burglary with assault or battery charge but not guilty of the sexual battery charge. The trial court departed from the presumptive guidelines sentence of three years and imposed a sentence of ten years. This court subsequently found that the trial court's written reasons for departure were invalid, reversed the sentence, and remanded the case for resentencing. See Mora v. State, 484 So.2d 621 (Fla. 2d DCA 1986).
Upon remand, the trial court imposed a departure sentence of ten years imprisonment based upon the following written reasons:
1. In the course of the Burglary, the Defendant repeatedly assaulted or battered the victim Brenda Wiley.
2. The assaults or batteries included kissing and touching the victim in a sexual manner, undressing her and making sexual advances. This Defendant violated not only the privacy of the victim's home but her sexual privacy as well.
3. The Defendant's multiple batteries followed active attempts of the victim to hide from or to escape from her assailant. The Defendant terrorized the victim over an extended period of both time and space causing psychological trauma not considered directly by guideline scoring.
4. The Defendant's actions took place while small children were present in the *293 home and, in fact as to one child, in the same bed. During the course of the assault several children were awaken [sic] and were made aware of the distress of the victim. Testimony at trial clearly demonstrated that these vulnerable children were placed in extreme fear. These events added dramatically to the psychological trauma experienced by the victim Brenda Wiley throughout the course of the burglary.
5. In view of these unusual factors the recommended guideline sentence of three years is woefully inappropriate for the nature and severity of the particular crime.
In this timely appeal, the appellant contends that the trial court's new reasons for departure are invalid. We find that the departure sentence imposed by the trial court was based upon both valid and invalid reasons.
The appellant was convicted of burglary with assault or battery. An element of that offense is that the defendant must have made an assault or battery during the course of the burglary. See § 810.02(2)(a). The trial court's first reason, therefore, improperly considers an inherent element of the crime of which the appellant was convicted. See State v. Mischler, 488 So.2d 523 (Fla. 1986). Furthermore, in order to convict a defendant of burglary with assault or battery, the state may satisfy the assault or battery element with proof, beyond a reasonable doubt, of a single assault or battery. Thus, the acts described in the first, second, and third reasons which constitute additional assaults and batteries upon the victim cannot justify the departure sentence imposed here because these acts constitute separate crimes of which the appellant was never charged or convicted. See Fla.R.Crim.P. 3.701(d)(11); State v. Tyner, 506 So.2d 405 (Fla. 1987).
Although the trial court clearly relied on invalid reasons, we find that the trauma described in reasons three and four can justify a departure from the guidelines. Generally, psychological trauma inflicted upon a victim can support a departure sentence if the victim's trauma resulted from extraordinary circumstances not inherent in the crime charged. State v. Rousseau, 509 So.2d 281 (Fla. 1987); see also, Casteel v. State, 498 So.2d 1249 (Fla. 1986). In Rousseau, the supreme court held that "... the type of psychological trauma to a victim that usually and ordinarily results from being a victim of the charged crime is inherent in the crime and may not be used to justify departure." Sub judice, the trial court clearly found that the victim's trauma was more severe than would normally occur to a burglary victim and resulted from circumstances which rarely occur during a burglary.
In addition, the trial court's indication in reason four that the victim's children witnessed her attack can constitute a clear and convincing reason for departure. See Casteel, at 1253.
Finally, we agree with the state's argument that the fifth reason should merely be considered as the trial court's conclusion that departure was justified based upon the valid reasons given in the departure order. See Scott v. State, 508 So.2d 335 (Fla. 1987).
Since the sentence imposed was based upon both valid and invalid reasons and the state has failed to establish that the trial court would have departed absent consideration of the invalid reasons, we reverse the appellant's sentence and remand the case for resentencing. See Albritton v. State, 476 So.2d 158 (Fla. 1985). Upon remand, the trial court may once again impose a departure sentence if such departure is based only upon proper, clear and convincing reasons.
Reversed and remanded.
SCHOONOVER, A.C.J., and LEHAN and FRANK, JJ., concur.