516 So.2d 1142 (1987)
Oscar Kay CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1204.
District Court of Appeal of Florida, Fifth District.
December 24, 1987.
*1143 Hugh H. Lee, Asst. Public Defender, Citrus County, Inverness, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This is the second appearance of this case before this court.[1] On remand, the trial court entered identical sentences on the four counts of attempted sexual battery and the one count of lewd and lascivious acts, giving as reasons for departure, 1) that the three young victims have been psychologically traumatized by the offenses and 2) that the mothers of the young children have been traumatized by the offenses. In so departing, the trial court relied on our decision in Lerma v. State, 476 So.2d 275 (Fla. 5th DCA 1985) and on the cases of Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986) and Brooks v. State, 487 So.2d 68 (Fla. 1st DCA 1986).
The supreme court reversed our Lerma decision on a holding that psychological trauma to the victim in a sexual battery case cannot justify departure because that trauma is inherent in the crime and has thus been factored into the guidelines. Lerma v. State, 497 So.2d 736 (Fla. 1986). Casteel was also reversed, Casteel v. State, 498 So.2d 1249 (Fla. 1986), but in doing so the supreme court clarified Lerma to the extent that emotional hardship or trauma to a victim which arises from extraordinary circumstances not inherent in the crime charged may justify a departure sentence. There, the extraordinary circumstance was the fact that the sexual battery took place in the presence of the victim's young son who was traumatized by witnessing the attack, as was the victim because she knew her son was present. This particular circumstance was not inherent in the crime. The continued validity of Brooks, the third case relied on by the trial court, wherein departure was upheld because of psychological trauma to the victims caused by their presence in their home during the burglary, is questionable based on State v. Rousseau, 509 So.2d 281 (Fla. 1987) where the court held that the psychological trauma a victim of a burglary suffers when the sanctity of his or her home is violated is inherent in the crime of burglary and does not justify departure.
Based on these principles, the emotional hardship suffered by the mothers of these young victims, while understandable and predictable, does not, in this case, flow from any extraordinary circumstance other than the fact that their children were the victims, and will not justify departure.
Because none of the grounds for departure are valid, we must vacate the sentences and remand for resentencing under the guidelines. Based on the recent decision in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), no new grounds for departure may be advanced. We must also note that based on Miller v. State, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) the guidelines which must be followed in determining the appropriate sentences are those which were in effect when the crimes here were committed.
Sentences VACATED, REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] See Carter v. State, 483 So.2d 740 (Fla. 5th DCA 1986) where we held that the five separate sentences were departure sentences for which written reasons must be supplied.