LEHAN, Judge.
Defendant appeals from his conviction and sentence for sexual battery.
We affirm the conviction. Defendant argues that the trial court erroneously restricted his testimony by instructing him to not testify to matters which had been contained in the proffer of his testimony which the trial court referred to as only “ancillary.” While those matters appear to us to have been relevant to defendant’s defense, defendant did not object to their exclusion, see Page v. State, 412 So.2d 454 (Fla. 2d DCA 1982), and, in fact, acquiesced thereto which may well have been justified for tactical reasons.
We affirm the sentence which constituted an upward departure from the guidelines recommended sentence. We do not conclude there was reversible error under the circumstances of this case in the trial judge having prepared her sentencing departure order prior to the sentencing hearing. The order was based upon evidence at the trial, and defendant offered no evidence at the sentencing hearing.
Two of the trial court’s reasons for departure were that the trauma suffered by the victim was greater than the ordinary trauma suffered by a victim in this type of case and, bearing upon that reason, that the crime was committed in the victim’s bed where her baby was sleeping. There was a valid basis for departure. When, according to the testimony, defendant jumped upon the victim, he said, in response to her plea that he not hurt her baby, that he would not do so if the victim did not scream. Thereafter the victim was in shock, became catatonic, and was hospi *193 talized for psychiatric care. See State v. Rousseau, 509 So.2d 281 (Fla.1987); Casteel v. State, 498 So.2d 1249 (Fla.1986); Mora v. State, 515 So.2d 291 (Fla. 2d DCA 1987). That, as defendant argues, there was no showing that the baby witnessed the crime is not determinative. See Casteel, 498 So.2d at 1253; Mora, 515 So.2d at 293.
We need not address whether the trial court’s other reason for departure — that defendant had previously been convicted of handling and fondling the same victim— was valid. See Albritton v. State, 476 So.2d 158 (Fla.1985).
AFFIRMED.
DANAHY, A.C.J., and PARKER, J., concur.