PER CURIAM.
Rolando Perez was convicted of armed burglary and robbery, aggravated assault, several counts of false imprisonment and with unlawful possession of a firearm while in the commission of a felony. The trial court departed upward from the sentencing guidelines. In an earlier opinion from this court, Perez v. State, 566 So.2d 881 (Fla. 3d DCA 1990), we vacated two convictions for false imprisonment and the possession of a firearm while in the commission of a felony.
At the time of the original appeal, neither of the parties could locate a written departure order detailing the trial court’s reasons for departure. This court reversed the departure sentence upon the authority of Pope v. State, 561 So.2d 554 (Fla.1990). While the case was pending in the Florida Supreme Court,[1] a written order, rendered contemporaneously with Perez’ sentencing, was located and the supreme court relinquished jurisdiction to this court to determine if the reasons for departure were valid. We find that one of the reasons is valid and conclude that the case should be remanded to the trial court under Albritton v. State, 476 So.2d 158 (Fla.1985), to consider whether in light of this determination a departure sentence is warranted.
The departure reasons are as follows:
a. The defendant, Rolando Perez, participated in a brutal home invasion burglary/robbery of the Maria Chinique family which included Mrs. Chinique, her minor daughter, Sandra, infant nephew, Jovanny, and their live-in maid, Elizabeth. The testimony at trial showed that the minor children were home during the course of this robbery. The minor child saw the defendant and his partner in crime armed with handguns within her house, which were pointed at everyone in the house. She saw her mother forced at gunpoint into her bedroom by the robbers. Sandra Berrocal is a ten-year-old girl who, upon seeing these brutal acts committed upon her mother, was forced to sit in the living room at gunpoint and listen to the struggle her mother was going through. While being confined in the living room, she heard a gunshot in the bedroom which had been fired during the course of this robbery by the subjects. Sandra Berrocal was also the victim of an armed false imprisonment. *918 This Court cannot imagine the horrible thoughts and fears that had to have gone through the mind of this young victim upon hearing a gunshot, after seeing her mother being forced into the bedroom at gunpoint by the robbers. It is difficult to imagine whether she will ever recover from the psychological and emotional trauma and damage that such a terror-filled moment would bring. The Court finds that the age of the victim, Sandra Berrocal, as well as the trauma of seeing her mother assaulted and robbed within their own home, constitutes a clear and convincing reason to impose a 20 year sentence in this matter and that this clear and convincing reason for departure has been proven beyond and to the exclusion of every reasonable doubt. Casteel v. State, 498 So.2d 1249 (Fla.1986); Fryson v. State, 506 So.2d 1117 (Fla. 1st DCA 1987).
b. The defendant, Rolando Perez, and his partner created an unreasonable risk to others during the course of committing this robbery. The testimony at trial showed that, while the defendant and his partner were committing the robbery, they had a total disregard of the other individuals in the house. At gunpoint, they held at least three other individuals in the residence. They constantly pointed the gun at the maid, Elizabeth, and the daughter, Sandra. Further, there was a small infant in the residence who was also put in danger. The fact that the defendants would discharge a firearm in the residence while being occupied by these individuals created an unreasonable risk of harm to them. The Court finds that the actions of the defendant and his partner of holding the other individuals at gunpoint while discharging a firearm in the residence constitute a clear and convincing reason to impose a 20 year sentence in this matter and this clear and convincing reason for departure has been proven beyond and to the exclusion of every reasonable doubt. Moreira v. State, 500 So.2d 343 (Fla. 3d DCA 1987); Previlon v. State, 500 So.2d 716 (Fla. 4th DCA 1987); Cason v. State, 508 So.2d 448 (Fla. 3d DCA 1987).
c. The defendant, Rolando Perez, and his partner used excessive force to commit this robbery. The testimony at trial showed that Mrs. Chinique was lying across her bed when she was approached by a man with a gun. The man pointed the gun at her and demanded her money and jewelry. Mrs. Chinique got up and tried to leave her bedroom. The man with the gun yelled for his partner. The defendant and his partner stopped Mrs. Chinique in the hallway. They threw her up against the wall and struck her several times. The defendants then dragged her back into her bedroom. They then pushed her to the floor and, while stating that they would kill her, discharged the firearm in the direction of her head. The Court finds that the actions of the defendant and his partner of dragging the victim to the bedroom and then discharging a firearm in the direction of her head constitute a clear and convincing reason to impose a 20 year sentence in this matter and that this clear and convincing reason for departure has been proven beyond and to the exclusion of every reasonable doubt. Hansbrough v. State, 509 So.2d 1081 (Fla.1987); Williams v. State, 500 So.2d 604 (Fla. 5th DCA 1986).
The first reason stated by the trial court was “the age of the victim, Sandra Berrocal, as well as the trauma of seeing her mother assaulted and robbed within their own home.... ” In Sans v. State, 528 So.2d 516 (Fla. 3d DCA 1988), we held that the emotional trauma suffered by the young victims in a home invasion robbery was a valid reason for departure. Id. at 517.
In Casteel v. State, 498 So.2d 1249 (Fla.1986), the court held that a valid reason for departure exists where the victim’s child (in that case a fifteen-year-old son) observes a violent crime against the mother (in that case, sexual battery), so long as the emotional trauma occasioned thereby is not already inherent in the offense charged. Id. at 1253. “The mere fact that the boy witnessed the brutal violation of his mother would constitute a clear and convincing reason for departure.” Id. (citations omit *919 ted.) Indeed, departure was authorized in that case even though the defendant was unaware of the child’s presence. Id.
In Davis v. State, 517 So.2d 670 (Fla.1987), a departure sentence was invalidated where the son had been in the next room sleeping when the mother shot the father to death. The departure order was based on the mere presence of the son in the house, but (as recognized by the departure order itself) there was no evidence that the son had awakened or had any awareness of the shooting, much less any emotional trauma. In those circumstances the court held that the Casteel criteria were not satisfied.
In the present case the child actually opened the front door and was confronted by the robbers. The child and the maid were detained at gunpoint in the living room while the mother was forcibly moved to the bedroom. The child could hear the struggle. She heard the gunshot and. for a period of time did not know her mother’s fate. Plainly, this was a traumatic experience of the type envisioned by Casteel, and there was sufficient evidence supporting the trial court’s finding.[2] In this case, the child testified and provided ample record support for the court’s first departure reason.
As to the second reason, firing a gun when others are present can create an unreasonable risk of harm to others and can constitute a clear and convincing reason for departure. See Scurry v. State, 489 So.2d 25 (Fla.1986). However, under the facts of this particular case, the trial court’s second reason is invalid because the record does not support the finding of unreasonable risk of harm. The trial court based the departure reason on the fact that the discharge of the firearm created an unreasonable risk of harm to the other persons in the house besides the mother. In this case, though, the gun was discharged in a separate room and was aimed at the floor. The evidence does not show that the bullet could have passed outside the room and harmed other people in the house or on the street. See id. at 29. If there were such evidence this departure reason would be entirely appropriate, but in the absence of such evidence we are obliged to reverse it.
Finally, we find the third reason sufficient. The trial court found that excessive force was used to commit this robbery. The court relied on, inter alia, Hansbrough v. State, which holds that, “Excessive force ... has been upheld as a valid reason for departure.” 509 So.2d at 1087 (citations omitted). This departure reason involves the use of force over and above that which is inherent in the usual case. See Hall v. State, 517 So.2d 692, 694 (Fla.1988); see also State v. McCall, 524 So.2d 663, 665 (Fla.1988).
This case was what is colloquially known as a home invasion robbery, in which the household occupants are immobilized by the robbers’ superior force and then terrorized so that the occupants will disclose and give up all valuables supposedly on the premises. See, e.g., Sans v. State, 528 So.2d at 517. Here, the intruders were larger and stronger than the mother, maid, and child. The intruders were armed, the occupants were not. The occupants posed no serious risk of resistance. The defendant and codefendant nonetheless manhandled the mother, threw her about the bedroom, threatened to kill her, pointed the gun at her so she would believe she was about to die, and discharged the firearm close to her, in order to make clear that the intruders had the ability and willingness to carry out the threat.
We think that the degree of force used in this case was excessive. The actions of the defendants went well beyond those which accompany an “ordinary” robbery in the home. Further, the actions of defendants were gratuitous and excessive in light of the fact that the victims were unarmed, unresisting, and instantly subdued. That this robbery is readily recognizable as a *920 “home invasion” robbery reflects the public and judicial awareness that this is an intrusion into the home of unusual and egregious magnitude. We conclude that excessive force and brutality were shown in this case and that this departure reason is supported by the record herein.
In sum, we find that two of the three departure reasons are valid. The departure sentence imposed is, in our view, both permissible and appropriate.
Since we have found that two of the reasons for departure were valid and the other reason was invalid, the case should be remanded to the trial court to determine if, based upon the valid reasons, the trial court would still depart.[3] See Albritton v. State, 476 So.2d 158 (Fla.1985). However, since the case is before us on a relinquishment of jurisdiction from the Florida Supreme Court, we hereby return the matter to the Supreme Court for such further action as the court deems appropriate.

. The State sought review in the Florida Supreme Court on the basis of our retroactive application of Pope. That issue has since been decided by the Florida Supreme Court. See Smith v. State, 598 So.2d 1063 (Fla.1992).

. The fact that the trial court stated that it could "imagine the horrible thoughts and fears that had to have gone through the mind of the young victim_” does not remove the otherwise sound evidentiary basis for the court’s finding.

. We are required to remand even if, as in this case, the trial court states that it would depart based on one or all of the reasons in the departure order. See Griffis v. State, 509 So.2d 1104, 1105 (FIa.1987). The crimes in this case were committed February 13, 1987. This was prior to the adoption of the 1987 version of section 921.001(5), Florida Statutes, which allows a departure sentence to be sustained if any one departure reason is valid. Id.; see ch. 87-110, § 2, Laws of Fla.