HARRIS, Chief Judge.
Alvin Anthony Watson was convicted of second degree murder with a firearm in the killing of his girlfriend. Her two-year-old child was present in the home in an adjoining bedroom when the murder occurred.
Although the court did not sentence outside the guidelines, it nevertheless determined that departure was appropriate because of the “psychological trauma” to the child. The court stated its intent to depart at a later sentencing should Watson violate the probationary portion of his sentence. Watson appeals urging that the ground for departure was not established a by preponderance of the evidence. We agree and reverse.[1]
There was no evidence presented that the child saw, or even heard, the killing. Although the child was crying when the officers arrived, she was in a separate room. Further, her grandmother testified, “She’s doing fine. She’s having her little small problems, but I’m hoping and praying that she will overcome that.” Although psychological trauma arising from extraordinary circumstances which are clearly not inherent in the offense charged may properly serve as a reason for departure, the only such evidence in this case indicates that the child is distraught from losing her mother. While this type of trauma is regrettable, it is not the type of trauma intended by the court in Casteel v. State, 498 So.2d 1249 (Fla.1986).
The reason for departure is stricken.
GOSHORN and PETERSON, JJ., concur.

. We reject the state’s contention that this issue is not yet ripe for review. Even if the actual departure is deferred until a later event, the reason justifying departure given at the initial sentencing should be appealed at the time of the original sentence.