KHOUZAM, Judge.
Terry Gilmore appeals after being re-sentenced to the same upward departure sentence he originally received in 1984— life in prison for five armed robbery convictions. We reverse and remand for the trial court to resentence Gilmore within the 1988 sentencing guidelines using a corrected scoresheet.
On December 11, 1984, a jury found Gilmore and his codefendant, Lawrence Logan, guilty on five counts of armed robbery. The offenses occurred on March 17, 1984. Gilmore and Logan were both given upward departure sentences of life in prison on December 11, 1984. This court affirmed Gilmore’s sentences on direct appeal. Gilmore v. State, 482 So.2d 353 (Fla. 2d DCA 1986) (table decision). On November 26, 2008, Gilmore filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The trial court granted the motion on April 7, 2009, and ordered a resentencing pursuant to the 1983 guidelines. On January 14, 2010, the trial court again sentenced Gilmore to the upward departure sentences of life in prison, adopting the findings of the original sentencing judge. Gilmore’s scoresheet also included 21 victim injury points.
Gilmore argues that the trial court abused its discretion in imposing the upward departure sentence based on the exact same reasons cited by the trial judge in 1984. He claims that the departure reasons given by the judge at resentencing were based on facts neither admitted by Gilmore nor found by a jury and are therefore improper under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He also contends that all of the reasons for departure have been declared invalid since his original sentencing. Finally, he points out that the guidelines in effect at the time of his offense only allow for victim injury points if victim injury was an element of the crime. He concludes that upon remand he should be resentenced within the guidelines with a corrected scoresheet.
The State concedes that this case must be reversed but argues that it should be remanded for the trial court to complete a harmless error analysis. The State acknowledges that Apprendi and Blakely apply to Gilmore’s sentence and that all but one of the grounds for departure are invalid. But the State argues that one of the reasons for departure — use of excessive force — could be valid and thus the error could be harmless.
The parties are correct that Apprendi and Blakely apply to Gilmore’s resentencing. See State v. Fleming, 61 So.3d 399, 402 (Fla.2011) (“[Bjecause re-sentencing proceedings are de novo in nature, Apprendi and Blakely necessarily apply to resentencings held after Apprendi and Blakely issued, even where the conviction was final before they issued.”). So it was improper for the original sentencing judge in this case to impose a departure sentence based on his own factual findings — other than the fact of a prior conviction — instead of factual findings made by the jury or facts admitted by Gilmore. See id.; Galindez v. State, 955 So.2d 517, 519 (Fla.2007).
Although excessive force used during an armed robbery may be a valid reason for imposing an upward departure sentence, see Perez v. State, 604 So.2d 916 (Fla. 3d DCA 1992), the sentencing judge did not cite excessive force as a ground for departure in this case. And the State has properly conceded that subsequent to Gilmore’s original sentencing the rest of the grounds for departure have been found *202 invalid as a matter of law. Because the sentencing judge did not cite any possibly valid grounds for departure, applying a harmless error analysis would not be appropriate here. See Galindez, 955 So.2d at 521.
The victim injury points on the scoresheet are also invalid. The record does not show that the victims were injured. Even “[i]f there had been victim injury, it would not have been scored because the guidelines in effect at the time of petitioner’s sentencing allowed scoring for victim injury only if it was an element of the crime for which the defendant was convicted, see Fla. R. Crim. P. 3.701(d)(7) (1985), and injury is not an element of the crime of robbery.” Mathis v. State, 515 So.2d 214, 217 n. 2 (Fla.1987). See also Fla. R.Crim. P. re Sentencing Guidelines (R. 3.701 & 3.988), 509 So.2d 1088, 1089 (Fla.1987).
The resentencing court’s reasons for imposing a departure sentence were improper under Apprendi and Blakely as well as being otherwise invalid. Gilmore’s score-sheet should also be corrected to remove the victim injury points. Therefore, we are compelled to reverse and remand for resentencing within the 1983 sentencing guidelines using a corrected scoresheet.
Reversed and remanded with instructions.
CASANUEVA and VILLANTI, JJ., Concur.