539 So.2d 508 (1989)
Wilford COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-905.
District Court of Appeal of Florida, First District.
February 22, 1989.
*509 Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Cooper appeals his sentences for sexual battery, solicitation and aggravated battery which exceed the sentencing guideline recommendation. He contends the trial court's reasons for departing from the recommended guideline sentence are not valid, clear and convincing reasons. We disagree and affirm.
Cooper was charged by information with two counts of sexual battery of a child between the ages of 12 and 18 while in a position of familial or custodial authority, one count of soliciting a child 12 years of age or older but less than 18 years of age while in a position of familial or custodial authority to engage in sexual activity, and one count of aggravated battery.
All counts involved the same victim and were alleged to have occurred in December 1986. According to the record, the 17-year-old victim was bonded out of the Leon County Jail on December 12, 1986 and was released into the custody of Cooper, a family friend who was dating the victim's cousin at the time. Cooper began to make sexual advances toward the victim several days after the victim moved into his home. On December 12, 1986 the victim awoke at approximately 2:00 a.m. to discover Cooper sexually molesting him. When the victim protested, Cooper told the victim he could either have sex with him or that he would return the victim to jail. The victim went to stay with his grandmother that evening and returned late that night. For the next few days he was not bothered by Cooper. However, on December 26, 1986 the victim was again sexually molested by Cooper as he was sleeping, and was again told that he could either cooperate or return to jail. The victim attempted to flee from Cooper by running out of the house and scrambling *510 across a chain link fence. In the process, Cooper held on to him, causing him to cut himself on the fence. Cooper then hit the victim in the back with a piece of metal. The victim eventually escaped and ran to a neighbor's house. The neighbor drove the victim to his aunt's house, who in turn took him to the hospital. Cooper was arrested several days later.
On July 28, 1987, Cooper was tried by a jury and found guilty of all four counts of the information. Four days prior to trial, the results of a test revealed that Cooper tested positive for the AIDS virus. The jury was not informed of this fact.
On August 8, 1987, the trial court sentenced Cooper to concurrent terms of 30 years on each of the two sexual battery counts, and 5 years on the solicitation count, followed by a consecutive 10 year term of probation on the aggravated battery count. In departing from the recommended guideline sentence of 12 to 17 years, the trial court gave the following three reasons for departure:
1. The offenses of Sexual Battery and Solicitation of Sexual Activity for which the defendant was sentenced were committed in a calculated manner without pretense of moral or legal justification. Casteel v. State, 498 So.2d 1249 (Fla. 1986).
2. The offenses of Sexual Battery and Solicitation of Sexual Activity for which the Defendant was sentenced were committed pursuant to a premeditated design, perpetuating a fraud on this Court in obtaining custody of the victim, and violating this court's confidence reposed in the defendant. These offenses were committed pursuant to a plan whereby the defendant gained physical custody of the victim through legal processes of bail, which required the victim to reside with the defendant. The defendant utilized the threat of bond revocation and detention in the county jail as leverage to coerce his captive prey to engage in homosexual acts. When, and if, the victim refused to engage in such acts the defendant could, and did, sexually attack his prey while asleep in the defendant's home. Such premeditated design, carried out by sexual and aggravated battery, utilizing the force of law to accomplish his perverted goals, clearly justifies departure from a guideline sentence.
3. The offenses of sexual battery were committed by the defendant with total disregard of the high likelihood that the defendant had been exposed to the aids virus and that by sexual contact with his victim there was a strong likelihood that the victim would be subjected to this dreaded disease. Such reckless disregard for the physical illness and emotional trauma which would likely result to the victim, confirmed by the fact that the defendant has now been tested positive for aids, is a clear and convincing reason for departures from a guideline sentence.
The first reason given by the court is a clear and convincing valid reason for departure. Casteel v. State, 498 So.2d 1249 (Fla. 1986). The first reason given is the same identical reason given and approved by the supreme court in Casteel. It is amply supported in the record and there is no basis for saying it is invalid in part or in any respect. Cooper admits that the first reason is a valid reason for departure on the two sexual battery counts but contends that under Casteel premeditation or calculation is inherent in the offense of solicitation of sexual activity and, therefore, the fact that the offense was committed in a calculated manner is not a valid reason to depart as to the sentence on the third offense of solicitation. Cooper further contends that Casteel also holds that it is improper to utilize, as a reason to depart, a factor that is inherent in any of the offenses for which sentences are imposed even though the same factor is not inherent in all the offenses for which sentence is imposed. We disagree with this interpretation of Casteel. In Casteel both the sexual battery with use of a deadly weapon and the first degree burglary charges grew out of the same acts occurring in a single episode. The same knife was used in the sexual battery offense and it was the "dangerous weapon" in the first degree burglary offense. Casteel held that *511 to allow the use of an essential element (dangerous weapon) of the primary crime (sexual battery) as an aggravating factor in a subordinate or other offense (the first degree burglary) amounts to allowing the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence and would be counting such factor twice, contrary to the intent and spirit of the guidelines. In the instant case each sexual battery offense and the solicitation offense was separate and distinct offenses committed in separate episodes at separate times. The first sexual battery offense was committed on December 22, the second sexual battery offense was committed on December 26, and the solicitation offense was another separate episode. The sexual battery offenses were not subordinate or other offenses growing out of the same episode as the solicitation offense, and commission of the offense in a calculated or premeditated manner is not an element of the primary offenses of sexual battery. Therefore the commission of the sexual battery offenses in a calculated and premeditated manner is a valid clear and convincing reason for departure. The 5 year concurrent solicitation sentence, if error, is harmless error because it would expire long before the valid 30 year concurrent sexual battery sentences.
Cooper contends the second reason for departure is invalid in that its grounds are also inherent in the two sexual battery counts and the solicitation count as a necessary element because of all three of those offenses require that the defendant be in a "position of familial or custodial authority" to a victim. The second reason for departure is not merely that Cooper was in a position of familial or custodial authority. If it was, we would agree with Cooper's contention that it was an invalid reason for departure.
The second reason relates to the manner in which Cooper procured custody of the victim pursuant to a premeditated design, perpetrating a fraud on the court in obtaining custody, and violating the court's confidence. The offenses were committed pursuant to a plan whereby Cooper gained physical custody of the victim through the legal process of bail which required the victim to reside with him. He also utilized the threat of bond revocation and detention in the county jail in an attempt to coerce his victim to engage in homosexual acts. When the victim refused to engage in such acts Cooper sexually attacked the victim while he was asleep in Cooper's home. We agree with the trial judge that such premeditated design carried out by sexual and aggravated battery, utilizing the force of law to accomplish his perverted goals, is a clear and convincing valid reason justifying departure from a guidelines sentence. This reason is not inherent in the sexual battery offenses or the solicitation offense.
We also agree with the trial court that the third reason for departure is a valid, clear and convincing reason. Because of his life-style, Cooper knew or should have known that he had been exposed to the AIDS virus and that by sexual battery upon his victim there was a strong likelihood that the victim would be exposed to AIDS. Prior to sentencing Cooper tested positive for AIDS and the sexual assaults may result in the victim contracting the deadly disease.
Even if any of the reasons given for departure are not valid, we think the state has shown beyond a reasonable doubt that absent the invalid reason or reasons, the departure sentence imposed by the trial court would have been the same. Albritton v. State, 476 So.2d 158 (Fla. 1985).
AFFIRMED.
BOOTH, J., concurs.
SHIVERS, J., dissents with written opinion.
SHIVERS, Judge, dissenting.
I respectfully dissent and would remand for resentencing. As the majority writes, the trial court gave three reasons for departure. It appears to me that two of these reasons are invalid and a substantial portion of the third reason is invalid. The State has not shown beyond a reasonable doubt that the absence of the invalid reasons *512 would not have affected the departure sentence.
The trial court's first reason for departure is the calculated manner in which the sexual batteries and solicitation were committed. I agree that premeditation or calculation is not an inherent component of sexual battery and may support a departure sentence. See Lerma v. State, 497 So.2d 736, 739 (Fla. 1986). However, the remaining portion of the first reason for departure, the calculated manner in which the solicitation was committed, is, in my opinion, invalid. In my judgment, premeditation or calculation is an inherent component of solicitation and may not support a departure sentence. Black's Law Dictionary, Fifth Edition, in defining solicitation, states:
For the crime of solicitation to be completed, it is only necessary that the actor, with intent that another person commit a crime, has enticed, advised, incited, ordered or otherwise encouraged that person to commit a crime.
The second reason for departure, the premeditated manner in which the defendant used the force of law to coerce the 17-year-old victim, is an invalid reason. The trial court states that the appellant committed the offenses of sexual battery and solicitation pursuant to a plan whereby he gained physical custody of the victim through the legal process of bail, then utilized the threat of bond revocation and jail to coerce the victim into engaging in homosexual acts; that in so doing, the appellant perpetrated a fraud on the court and violated the confidence the court placed in him. It appears that the sexual battery and solicitation counts were all brought pursuant to section 794.041, Florida Statutes, which contains as a specific element, the requirement that the offense be committed by "a person who stands in a position of familial or custodial authority of a child" between the ages of 12 and 18. Since the custodial authority obtained through the bond was an inherent component of the crime charged, the trial court erred in using it as a basis for departure. See Casteel v. State, 498 So.2d 1249 (Fla. 1986).
The trial court's third reason for departure is invalid. It reads in full, as follows:
The offenses of sexual battery were committed by the defendant with total disregard of the high likelihood that the defendant had been exposed to the aids virus and that by sexual contact with his victim there was a strong likelihood that the victim would be subjected to this dreaded disease. Such reckless disregard for the physical illness and emotional trauma which would likely result to his victim, confirmed by the fact that the defendant has now been tested positive for aids, is a clear and convincing reason for departure from a guideline sentence.
At the sentencing hearing, the trial court commented that "this defendant, having been an admitted homosexual for years, knew or should have known the likelihood of his having AIDS as a result of these homosexual contacts... ." The only evidence in the record regarding appellant's knowledge of his physical condition is his statement to the court, made prior to jury selection on 7/28/87, that he was told "on Friday" that he had tested positive for AIDS. There is no evidence in the record to support the trial court's comment at sentencing that appellant "knew or should have known" that he had AIDS based on his having been a homosexual for years.
The defendant's crimes were committed prior to the effective date of section 921.001(5), Fla. Stat. (1987). Since over two of the three reasons given for departing from the recommended guidelines are invalid, I would reverse and remand for resentencing in accordance with Albritton v. State, 476 So.2d 158 (Fla. 1985). See State v. McGriff, 537 So.2d 107 (Fla. 1989).