541 So.2d 152 (1989)
Joseph McMILLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2482.
District Court of Appeal of Florida, Fourth District.
April 5, 1989.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The issue we address is the sufficiency of the evidence to score victim injury on *153 the appellant's sentencing guideline scoresheet. No reason (although it appears to have been a negotiated plea) for departure was set forth.
A total of seventy-seven (77) points was assessed for victim injury. Appellant concedes twenty-one (21) points were appropriate for Count IV, aggravated battery specifically alleging serious bodily harm. The remaining fifty-six (56) points relate to the circumstances of four (4) robberies and another aggravated battery.
During the plea colloquy, as to Count II the appellant testified, "I remember hitting [Gano] over the head," as to Counts III and IV, "I remember hitting [Caruth], but, not with my fists," and as to Count VI, "I remember hitting [Laessig], but, I never had brass knuckles." The only other evidence came from Mr. Sufcik, victim of Count VII, who testified, "He pretty near killed me."
The record contains several probable cause affidavits detailing facts supporting a finding of severe victim injury for each particular count. Neither the state nor the court made reference to the affidavits at the plea or sentencing hearing. Thus, not being admitted in evidence, the affidavits could not be the basis upon which the trial court based its conclusions of severe victim injury.
However, noting Count VII of the complaint alleges the use of a wooden stick, we find the testimony of Mr. Sufcik sufficient to establish his severe injury. The testimony of Mr. Gano is found sufficient to establish at least slight injury in light of Count II alleging the use of a 2 X 4 timber. Adding these additional twenty-eight (28) points to the guideline scoresheet the total surpasses the figure necessary to support the sentence of fifteen (15) years imposed upon the appellant.
Mendes v. State, 522 So.2d 1002 (Fla. 4th DCA 1988), addresses appellant's objection to the form utilized to prove prior restraint without attacking its truthfulness.
AFFIRMED.
WALDEN and GARRETT, JJ., concur.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
I would remand with direction either to vacate the plea and proceed to trial or to consider the defendant's contention that the victim injury factor was not scored properly, taking such testimony as may be appropriate. Defense counsel is correct only in that victim injury could not be scored for robbery prior to the 1987 changes. The extent of the injuries for the charges subject to scoring was not determined, because of the chronology described hereinbelow.
Assuming this to be a "negotiated plea" such will not allow the trial court to impose an illegal sentence. When the plea was taken, negotiated or otherwise, everyone  the defendant, his lawyer, the prosecutor, the victims and the trial judge  understood what was to occur; namely, the defendant would be sentenced to fifteen years. It was not until the post-plea sentencing that the defendant raised the questions posed here; and I am not convinced victim injury, which was raised belatedly, has been scored properly.
The defendant's trial attorney pled his client to a series of crimes  robbing and beating victims who had come to the cemetery to visit the last resting place of their loved ones. As the majority opinion points out, one victim, at the plea, testified that the defendant "pretty near killed me."
The following took place at the time the defendant entered his plea. Defense counsel initially said, in part:
I represent Joseph McMillan. We are here for a change of plea. Your Honor, on behalf of Mr. McMillan, at this time, I would like to enter a plea up to the Court and request a pre-sentence investigation in this case. Mr. Burch was previously his Court-appointed attorney, before myself, and made a pre-pleading before the Court and the Court had said that he would sentence him to fifteen years. However, we would like to, at least, pursue *154 a pre-sentence investigation mitigation. [Emphasis added.]
The prosecutor said:
If I may refresh the Court's recollection. The Defendant is charged with six robberies which occurred at a cemetery, a graveyard, and two aggravated batteries. He scored twelve to seventeen years.

Your Honor heard some of the victims and heard some arguments and your Honor has stated, on the record, that you would sentence this defendant fifteen years to DOC straight up to the Court.
Mr. McMillan plead on several occasions and at the last moment changed his mind about entering into the plea. Now, he is represented by new counsel, [name of defense counsel].
THE COURT: Does Mr. McMillan understand that I have already indicated that I would sentence him to fifteen years DOC?
THE WITNESS: Yes, sir.
THE COURT: You still want to enter a guilty plea?
THE WITNESS: Yes, sir. [Emphasis added.]
At no time during the plea did the defendant's lawyer contest the twelve to seventeen years on the scoresheet.
The prosecutor added:
Judge, count three and four, the victim is Helen Caruth, that is one woman. Count five is another woman, that is Lucretia DeCarlo. Lucretia DeCarlo was not actually struck, her purse was stolen. Then, there is another woman, Margie Laessing in count six.
THE COURT: I am still going to give him fifteen years, regardless of whether you bring in three or ten.
[PROSECUTOR]: Okay, Judge, no problem.
For the Court's information, count eight also alleges a female victim, a Joan Taylor.
THE COURT: Okay. Order a PSI. Defer sentencing until receipt of the PSI.
When the sentencing occurred, defense counsel began a legal attack on the PSI, as to one prior offense of the defendant, and argued  for the first time  that the guidelines did not call for fifteen years. I am concerned that his latter conclusion, not his former one, may be correct.
The victims may not have been present at the sentencing, having been present or available when the trial judge made it plain to the defendant at the time the plea was taken  and to the victims  the sentence would be fifteen years.
At sentencing, the following took place which appears to be characteristic of the defendant's previous vacillations:
[DEFENSE COUNSEL]: Your Honor, we have one other matter. Mr. McMillan wants to withdraw his plea of guilty.
THE COURT: Denied, unless the State wants to try him. I have heard all of the testimony you might give.
[PROSECUTOR]: Judge, we would be more than happy to try this Defendant.
THE COURT: All right, you want to withdraw your guilty plea?
THE WITNESS: May I say something?
[DEFENSE COUNSEL]: Can I speak with my client?
THE COURT: Sure.
[DEFENSE COUNSEL]: My client withdraws his motion.
THE COURT: You withdraw your motion?
THE WITNESS: Yes, sir.
THE COURT: You will take fifteen years?
THE WITNESS: Yes, sir.
THE COURT: You are wise.
[DEFENSE COUNSEL]: Your Honor, for the record, he takes the fifteen years with all of the previously stated objections.
THE COURT: Yes, sir.
At that point, in my view, the trial judge either had to vacate the plea or make a determination that defense counsel's belated scoring was correct. I do not fault him for doing neither, given the above quoted chronology; and I admire his patience for not saying more. On remand, he would not be obligated to accept any negotiated plea. *155 I would note that where the record clearly reflects defendant's knowing agreement, a court may impose a departure sentence, as part of a plea agreement. White v. State, 531 So.2d 711 (Fla. 1988).