604 So.2d 474 (1992)
STATE of Florida, Petitioner,
v.
Andreas OBOJES, etc., Respondent.
No. 79261.
Supreme Court of Florida.
August 27, 1992.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief-Crim. Appeals, and Carolyn J. Mosley, Asst. Attys. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender and Paula S. Saunders, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
PER CURIAM.
We have for review Obojes v. State, 590 So.2d 461 (Fla. 1st DCA 1991), which certified the following question of great public importance:
Whether, in light of that language contained in Hernandez v. State, 575 So.2d 640, 642 (Fla. 1991), concerning premeditation or advance planning, that reason remains a valid reason justifying the imposition of a departure sentence in sexual battery cases?
Obojes, 590 So.2d at 465. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Andreas Obojes was convicted of several offenses associated with the sexual battery of a woman whom he stalked over a two-week period in May 1989. There is no question that Obojes' criminal conduct exhibited considerable advance planning and *475 premeditation. The trial court then imposed departure sentences. Among the reasons given were the advance planning and premeditation Obojes had exhibited in committing the sexual batteries.
On appeal, the district court reversed based on a single paragraph in Hernandez, 575 So.2d at 642. There, we rejected "professionalism" as a valid reason for departure, and then made the following comment:
We believe there is little distinction between planning and premeditation and the professional manner in which a crime is committed. As we have stated, the facts relied upon in this case and in many of the district court cases cited above reveal planning on the part of each defendant, not skillfulness. This type of planning is common to most crimes and thus cannot constitute a valid reason for departure.
Id. Based on this comment, the district court rejected advance planning and premeditation as a valid reason for departure when sentencing on a sexual battery conviction. Obojes, 590 So.2d at 464-65.
We believe this conclusion overlooks other relevant portions of our Hernandez opinion as well as other case law dealing specifically with sexual battery. Foremost, Hernandez was not dealing with sexual battery, but with trafficking in cocaine and conspiracy to traffic in cocaine  crimes vastly different from sexual battery. Hernandez, 575 So.2d at 642. Second, it is settled that advance planning and premeditation are permissible reasons for a departure in the context of sexual battery. E.g., Casteel v. State, 498 So.2d 1249 (Fla. 1986); Lerma v. State, 497 So.2d 736, 739 (Fla. 1986), receded from on other grounds, Rousseau v. State, 509 So.2d 281 (Fla. 1987). As we stated in Casteel,
"Premeditation or calculation is not an inherent component of the crime of sexual battery" and may support a departure sentence... .
Casteel, 498 So.2d at 1252-53 (quoting Lerma, 497 So.2d at 739)). It was not our intention in Hernandez to recede from this holding.
We do agree, however, that the intent underlying our holdings in Casteel and Lerma requires clarification. Accordingly, we hold that premeditation or calculation is a sufficient reason for departure in a sexual battery case only if it is of a heightened variety. To this end, heightened premeditation or calculation consists of a careful plan or prearranged design formulated with cold forethought. See Rogers v. State, 511 So.2d 526 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988). We limit this holding exclusively to sexual offenses, and stress that heightened premeditation never can be a reason for departure in cases that inherently involve cold forethought, such as conspiracy or drug trafficking cases.
Accordingly, the certified question is answered in the affirmative. The stalking of the victim in this case clearly meets the requirement of a careful plan formulated with cold forethought. The decision under review is quashed and the opinion below is disapproved to the extent it is inconsistent with our views above, and this cause is remanded for further proceedings consistent with this opinion and the guidelines.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.