FRANK, Judge.
James Middlebrook has appealed from convictions and sentences for eight offenses involving sexual activity with children. He has raised five issues relative to *1162 his convictions and sentencings, but only one has merit.
The victims in this case, E.R. and B.R., are sister and brother. At the time of the offenses, E.R. was 10 and B.R. was 8. Middlebrook was their neighbor in the Old Carrollwood section of Tampa, and they first encountered him as he walked his dogs, one of which was especially endearing to the children. It became their custom to visit the workshop behind Middlebrook’s house to chat and play with the dogs. Once a friendship had formed between Mid-dlebrook and the children, he began an insidious course of sexual abuse. The acts testified to by the children included fondling of both children, masturbation in front of them, exposing them to pornographic materials, encouraging them to masturbate, touching the boy’s penis, and inserting his finger into the girl’s vagina. This conduct occurred while both children were present.
For these acts the jury convicted Middle-brook of the following: Count I — lewd assault on B.R. by touching his sexual organ; Count II — lewd assault on B.R. by having the child touch Middlebrook’s sexual organ; Count III — child abuse by contributing to the delinquency of B.R.; Count IV — sexual battery upon E.R. by digital penetration of her vagina; Count V — lewd act, by Middle-brook’s fondling of his sexual organ in the presence of E.R.; Count VI — child abuse— contributing to E.R.’s delinquency; Count VII — lewd act in the presence of E.R. by fondling B.R.’s sexual organ; and Count VIII — lewd act in the presence of B.R. by fondling or penetrating E.R.’s vagina. The trial judge departed from the guidelines and sentenced Middlebrook to consecutive terms of 15 years on Count I, 15 years on Count II, 60 days on Count III, life on Count IV, 15 years on Count V, 60 days on Count VI, 15 years on Count VII, and 15 years on Count VIII. We affirm Middle-brook’s convictions but reverse his sentence and remand for resentencing.
Without providing a factual basis for any of the reasons, the court entered a written order departing from the guidelines on five grounds. Aside from the fact that this barebones order was fatally flawed, none of the grounds appears valid in this case. See Wilson v. State, 567 So.2d 425 (Fla.1990) (victim vulnerability and abuse of trust are common factors in child molestation cases and not grounds for departure); Barfield v. State, 594 So.2d 259 (Fla.1992) (continuing and persistent course of criminal conduct is invalid ground absent escalating pattern); Koleta v. State, 592 So.2d 1267 (Fla. 2d DCA 1992) (careful execution rarely warrants departure on the basis of premeditation); and Sellers v. State, 559 So.2d 378 (Fla. 2d DCA 1990) (non-amenability to rehabilitation factored into prior record and is an invalid basis for departure).
Accordingly, we reverse Middlebrook’s sentence and remand for resentencing within the guidelines.
RYDER, A.C.J., and PATTERSON, J., concur.