JOANOS, Judge.
Appellant, Robert Errol Marcott, seeks review of four issues arising from his bench trial and subsequent conviction of two counts of lewd conduct in the presence of a child, and one count of lewd act upon a child. We affirm as to the first three issues without further comment, confining our primary discussion to point four. As his fourth issue, appellant challenges the validity of the trial court’s reasons for imposing a sentence which exceeds the recommended guidelines sentencing range. We affirm the trial court’s sentencing decision, but certify the question raised by this departure sentence as a question of great public importance.
Appellant was charged by information with the commission of eight sexual offenses involving children under twelve years of age. The victims of the alleged offenses are appellant’s three step-grandchildren. The evidence presented to the trial court established that appellant was an involved grandparent, who enjoyed the affection of the child-victims. He routinely took the children on camping trips, and he and the children’s grandmother often cared for them while their parents worked, supervising the children both before and after school. Several of the offenses at issue in this case allegedly occurred during appellant’s camping trips with the children.
The record further reflects that through his work as a forest ranger, appellant had been involved with many young children over a twenty-year period of time, in environmental and fire prevention programs, including summer camping activities. A pre-sentence investigation report revealed that appellant had no prior criminal record of any kind. Indeed, some of the persons with whom appellant worked when they were children appeared on his behalf at his sentencing hearing.
After the bench trial, the trial court granted appellant’s motion for judgment of acquittal with respect to two counts charged in the information, found appellant not guilty of three counts, and guilty of Counts III, VI, and VII. The scoresheet prepared for sentencing indicated a recommended sentencing range of three and one-half to four and one-half years, and a permitted sentencing range of two and one-half to five and one-half years. The trial court imposed a fifteen-year sentence as to Count VI, to be followed by two consecutive fifteen-year periods of probation as to Counts III and VII, resulting in thirty years of probationary supervision.
As announced at sentencing, the trial court’s reasons for imposing a sentence in excess of the guidelines range were appellant’s abuse of his familial custodial authority as a step-grandparent, and what the court characterized as appellant’s “long-standing, premeditated preying upon these children.” The trial court concluded that appellant’s camping trips with the children were conducted, in part, to gain the confidence of the parents of the children, making the children more vulnerable to his purposes. The written reasons for departure state:
The Defendant was in the position of a trusted familial custodial authority over all three victims, including the victim in Count VI. This position was used by the Defendant to deceive the parents of the children and to prey on each of the children in a premeditated manner over a long period of time. Not only was he an authority figure to the children, but he cultivated “love” between them and himself in furtherance of his criminal purpose.
The trial court’s first departure reason, abuse of trust in the exercise of custodial authority, was ruled invalid by the supreme court in Wilson v. State, 567 So.2d 425 (Fla.1990), and Cumbie v. State, 574 So.2d 1074 (Fla.1991). See also Middlebrook v. State, 617 So.2d 1161 (Fla. 2d DCA 1993); *57 Firkey v. State, 593 So.2d 1155 (Fla. 4th DCA 1992); Watson v. State, 579 So.2d 900 (Fla. 4th DCA 1991).
The trial court’s second departure reason, premeditation and planning over a long period of time, was approved by the supreme court in State v. Obojes, 604 So.2d 474 (Fla.1992), a sexual battery case. In that opinion, the court limited the Obojes holding exclusively to “sexual offenses.” The state here contends the supreme court’s use of the term “sexual offenses,” as opposed to the more limiting term “sexual battery,” should be construed to mean that, in appropriate circumstances, heightened premeditation may justify a departure sentence in sexual offense cases generally, and not just in cases dealing with sexual battery. We concur with that view of the Obojes holding.
Discretion is accorded “a sentencing court to consider all facts and circumstances surrounding the criminal conduct of the accused.” Garcia v. State, 454 So.2d 714, 716-717 (Fla. 1st DCA 1984). In this instance, we are persuaded that the trial court’s opportunity to observe the witnesses at trial, particularly the child victims, is entitled to a large measure of deference in an evaluation of the court’s determination of the “heightened premeditation” factor. Therefore, we affirm the departure sentence in this case, albeit with some concern as to the correctness of extending the rule announced in Obojes to sexual offenses other than sexual battery. As a reflection of that concern, we certify the following to the Florida Supreme Court as a question of great public importance:
Should the language in State v. Obojes, 604 So.2d 474 (Fla.1992), limiting the court’s holding exclusively to sexual offenses, be construed as permitting departure on the basis of heightened premeditation or calculation in sexual offenses generally, or should the holding be construed as limited strictly to the facts of that case, i.e., to sexual battery cases?
Accordingly, the trial court’s ruling is affirmed in all respects, but the question raised by the departure sentence imposed in this case is certified to the supreme court pursuant to Article V, Section 3(b)(4), Florida Constitution (1980).
WOLF, J., concurs.
ERVIN, J., concurs and dissents with opinion.