ERVIN, Judge,
concurring and dissenting.
I concur with all aspects of the majority’s opinion except that portion affirming the trial court’s departure sentence on the ground that premeditation or planning over a long period of time constitutes a valid departure reason. In my judgment, the Florida Supreme Court’s decision in State v. Obojes, 604 So.2d 474 (Fla.1992), approving such reason as valid, should be limited strictly to the facts of that case. There, Obojes had stalked his victim, a stranger, over a two-week period before the commission of the sexual batteries. In stark contrast to the facts in Obojes, the defendant in the case at bar had known the child victims (his step-grandchildren) all their lives and he had enjoyed a long and trusting relationship with them prior to the commission of the offenses, which were not sexual batteries.
A further reason for limiting Obojes to its facts is that the court, while approving premeditation or advanced planning as a valid departure reason in sexual battery cases, specifically distinguished the facts in Obojes from those in Hernandez v. State, 575 So.2d 640 (Fla.1991), a drug trafficking case wherein the court disapproved premeditation as a valid departure reason. In Hernandez, the supreme court observed: “[T]he facts relied upon in this case and many of the district court cases cited above reveal planning on the part of each defendant, not skillfulness. This type of planning is common to most crimes and thus cannot constitute a valid reason for departure.” Hernandez, 575 So.2d at 642. Furthermore, the court in Obojes relied on Casteel v. State, 498 So.2d 1249 (Fla.1986), and Lerma v. State, 497 So.2d 736 (Fla.1986), both of which involved sexual batteries — not, as here, lewd and lascivious conduct. Finally, the court observed that “[pjremeditation or calculation is a sufficient reason for departure in a sexual battery *58 case only if it is of a heightened variety.” Obojes, 604 So.2d at 475 (emphasis added).
In the case at bar, the evidence hardly reveals appellant’s ability to accomplish his lewd acts upon the three children pursuant to either a careful plan or prearranged design formulated with cold forethought. Rather, it reveals simply a violation of a close, family tie between the defendant and his step-grandchildren, a circumstance which cannot be considered a valid reason for departure under Wilson v. State, 567 So.2d 425 (Fla. 1990).
In my judgment, the facts in this case are governed by the rule stated in Hernandez. I would therefore reverse the departure sentence based upon premeditation and planning over a long period of time and remand the case for resentencing within the guidelines.