PER CURIAM.
We have for review a sentence imposed on John Lewis Cameron (Cameron), also known as Mike E. Davis. The issue presented is whether the trial court’s upward departure from a guidelines sentence is supported by the reason given for departure — that Cameron’s crimes “were committed in a premeditated and calculated manner.” We hold that, under the circumstances of this multiple-offense case, the reason given for departure is invalid.
Cameron was convicted of armed burglary of a dwelling, false imprisonment, aggravated assault, robbery with a weapon, battery, and grand theft auto. These crimes occurred during a single criminal episode on June 11, 1992, in Escambia County. Cameron was sentenced to forty years in prison.[1]
The Florida Supreme Court tells us: premeditation or calculation is a sufficient reason for departure in a sexual battery case only if it is of a heightened variety. To this end, heightened premeditation or calculation consists of a careful plan or prearranged design, formulated with cold forethought. We limit this holding exclusively to sexual offenses, and stress that heightened premeditation never can be a reason for departure in cases that inherently involve cold forethought, such as conspiracy or drug trafficking cases.
State v. Obojes, 604 So.2d 474, 475 (Fla.1992) (citation omitted). The State argues that Obojes does not hold that heightened premeditation can be a valid departure reason only in sexual battery cases; Obojes merely holds that heightened premeditation cannot be a valid reason for departure in conspiracy or drug trafficking cases, and other cases that inherently involve cold forethought. We agree that the record contains competent *1095 substantial evidence that the crimes were committed with heightened premeditation.[2]
Cameron’s dispositive argument however is that premeditation and calculation may not be used as reasons for departure if they are an element of any of the crimes for which he was convicted. Cameron bases this argument on Casteel v. State, 498 So.2d 1249 (Fla.1986). Casteel was convicted of sexual battery with the use of a deadly weapon, a knife, and burglary of a dwelling while armed with a dangerous weapon, the same knife. Casteel received an upward-departure sentence, in part because “[t]he offenses for which [Casteel] was sentenced involved the use by him of a dangerous weapon, to wit: a knife.” Id. at 1251. The court held that use of a knife was not a valid reason for departure, because the departure reason, though otherwise valid for the secondary offense (burglary while armed), had already been weighed and counted for scoring purposes as an essential element of the primary offense (sexual battery with a deadly weapon). The primary offense in the instant case is robbery with a deadly weapon, in violation of section 812.13(2)(a), Florida Statutes (1993).[3] As the supreme court notes, “premeditation is an inherent component of any robbery.” Hansbrough v. State, 509 So.2d 1081, 1088 (Fla. 1987). Premeditation and calculation thus are already factored into the guidelines sentence and, according to the rationale of Cas-teel, cannot twice be counted as a factor in Cameron’s sentence.
The State nevertheless argues that Cameron calculated and premeditated two distinct crimes — robbery and burglary — and therefore the rationale of Casteel is not violated by relying on premeditation and calculation as a reason for departure from the guidelines. This argument is flawed in its factual premise. This court, in Cooper v. State, 539 So.2d 508 (Fla. 1st DCA), review denied, 548 So.2d 662 (Fla.1989), said that premeditation in the commission of sexual batteries was a valid reason for upward departure because:
[E]ach sexual battery offense and the solicitation offense w[ere] separate and distinct offenses committed in separate episodes at separate times. The first sexual battery offense was committed on December 22, the second sexual battery offense was committed on December 26, and the solicitation offense was another separate episode. The sexual battery offenses were not subordinate or other offenses growing out of the same episode as the solicitation offense, and commission of the offense in a calculated or premeditated manner is not an element of the primary offenses of sexual battery.
Cooper, 539 So.2d at 511 (emphasis added). Cameron’s instant crimes, by contrast, all grow out of one continuous episode. The Cooper and Casteel reasoning thus requires reversal.
Cameron’s second argument, that the written sentence failed to conform to the oral pronouncement of sentence, is moot.
We reverse and remand for the imposition of a guidelines sentence. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
It is so ordered.
SMITH and BENTON, JJ., concur.
LAWRENCE, J., specially concurring.

. Cameron was sentenced as follows: on counts I (armed burglary of a dwelling) and IV (robbery with a weapon), to forty years in prison to be followed by five years’ probation; on counts II (false imprisonment), III (aggravated assault), and VI (auto theft), to five years in prison to be followed by five years’ probation to run concurrently, and to run concurrently with the sentence imposed on counts I and IV; on count V (battery), to one year in prison, to run concurrently with the sentence imposed on counts I and IV.

. This court previously certified the question whether the language of Obojes should be limited to sexual battery cases. Marcott v. State, 635 So.2d 55 (Fla. 1st DCA 1994).

. Section 812.13(1), (2)(a), Florida Statutes (1993), provides:
(1) "Robbery” means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.