PER CURIAM.
This is an appeal by the defendant Jeffrey Jan Castaline from final judgments of conviction and sentences for (1) two counts of battery [§ 784.03, Fla.Stat. (1991) ]; (2) aggravated assault [§ 784.021, Fla.Stat. (1991) ]; and (3) extortion [§ 836.05, Fla. Stat. (1991) ], based on an adverse jury verdict. The defendant raises several points on appeal, none of which are sufficient to upset the judgments of conviction. We do find error, however, in the sentence imposed.
1. First, we reject the defendant’s claim of prosecutorial misconduct. The eom-plained-of conduct was, for the most part, not objected to; the balance was either (a) invited by the defendant’s line of questioning and proffered defense in opening statement, or (b) was not so egregious as to call for a mistrial. DuFour v. State, 495 So.2d 154, 160 (Fla.1986) (invited response to defense), cert. denied, 479 U.S. 1101,107 S.Ct. 1332, 94 *563 L.Ed.2d 183 (1987); Clark v. State, 363 So.2d 331, 334 (Fla.1978) (invited error); Pena v. State, 432 So.2d 715, 717 (Fla. 3d DCA 1983) (invited response); see also State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
2. Second, we reject the defendant’s claim that the evidence was insufficient to sustain the conviction for extortion and that the trial court’s jury instruction was erroneous. Contrary to the defendant’s argument, the evidence adduced at trial establishes an extortionary threat, and, accordingly, such evidence was sufficient to sustain the conviction for extortion. The defendant did not object to the jury instruction on extortion — -and the trial court’s reading of the extortion statutes does not, as urged, amount to a fundamental error. § 836.05, Fla.Stat. (1991); Fla.R.Crim.P. 3.390(d). See Smith v. State, 532 So.2d 50, 52 (Fla. 2d DCA 1988); Alonso v. State, 447 So.2d 1029, 1030 (Fla. 4th DCA 1984); Luke v. State, 204 So.2d 359, 363 (Fla.4th DCA 1967), cert. denied, 210 So.2d 223 (Fla.1968); see also McKee v. State, 159 Fla. 794, 797, 33 So.2d 50, 52 (1948) (instruction quoting statute not error).
3. Third, we reject the defendant’s claim that the jury verdicts of guilty of extortion and aggravated assault are legally inconsistent with the jury’s acquittal of the defendant on the sexual battery counts. We find no logical inconsistency in these verdicts, much less a legal inconsistency, because sexual battery is not an essential element of either extortion or aggravated assault. See Gonzalez v. State, 449 So.2d 882, 887 (Fla. 3d DCA), rev. denied, 458 So.2d 274 (Fla.1984); Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA), cause dismissed, 444 So.2d 417 (Fla.1983). Compare §§ 836.05, 784.021, Fla. Stat. (1991) with § 794.011, Fla.Stat. (1991).
4. Fourth, we reject the claim that the sentencing guidelines scoresheet contains a scoring error for the injury sustained by the victim in this case. The injury suffered was shown to be a moderate, rather than, as urged, a slight injury. Fla.R.Crim.P. 3.701(d)(7). See Williams v. State, 614 So.2d 640, 642 (Fla. 2d DCA 1993); cf. McMillan v. State, 541 So.2d 152 (Fla. 4th DCA 1989) (severe injury); Green v. State, 496 So.2d 256 (Fla. 5th DCA 1986) (slight injury).
5. Finally, we agree with the defendant that the trial court erred in departing from the sentencing guidelines’ permitted range of community control to 4½ years imprisonment and in imposing a sentence of 7 years imprisonment. The written reason given by the trial court for such a departure was “planning is a condition that may be taken into consideration”; plainly, this is an insufficient reason for departure in this case. “[H]eightened premeditation or calculation consist[ing] of a careful plan or prearranged design formulated with cold forethought” constitutes a valid reason for a sentencing guidelines departure upon conviction for an offense which does not otherwise involve cold forethought, such as sexual battery, State v. Obojes, 604 So.2d 474, 475 (Fla.1992); it is, however, not a valid reason for a sentencing guidelines departure if any of the crimes for which the defendant was convicted necessarily involve premeditation or calculation, such as criminal conspiracy, drug trafficking, or robbery, because such elements have already been factored into the guidelines sentence. Obojes; Cameron v. State, 642 So.2d 1094 (Fla. 1st DCA 1994). The primary offense for which the defendant was convicted in this ease was extortion which, like robbery, necessarily involves premeditation or calculation in order to commit, and, accordingly, it was error for the trial court to depart from the sentencing guidelines based on the ground of “planning,” if indeed, this can be construed as a heightened premeditation or calculation finding.
The final judgments of convictions under review are affirmed; the seven-year sentence under review is reversed, and the cause is remanded to the trial court with directions to resentence the defendant within the sentencing guidelines.
Affirmed in part; reversed in part.