HARDING, Justice.
We have for review Marcott v. State, 635 So.2d 55, 57 (Fla. 1st DCA 1994), wherein the First District Court of Appeal certified the following question as one of great public importance:
Should the language in State v. Obojes, 604 So.2d 474 (Fla.1992), limiting the court’s holding exclusively to sexual offenses, be construed as permitting departure on the basis of heightened premeditation or calculation in sexual offenses generally, or should the holding be construed as limited strictly to the facts of that case, i.e., to sexual battery cases?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the first part of the question in the affirmative.
Robert Errol Marcott was convicted of two counts of lewd or lascivious conduct in the presence of a child and one count of a lewd act upon a child. The sexual offense charges involved his three step-grandchildren, all under twelve years of age. Marcott’s sentencing scoresheet indicated a recommended sentencing range of three and one-half to four and one-half years and a permitted sentencing range of two and one-half to five and one-half years. The trial court imposed a fifteen-year sentence, to be followed by a thirty-year probationary supervision. The trial court departed from the guidelines sentencing range based upon Marcott’s abuse of his familial custodial authority as a step-grandparent and his “ ‘long-standing, premeditated preying upon these children.’ ” Marcott, 635 So.2d at 56 (quoting the trial court’s reasons for imposing a departure sentence).
On appeal, the district court noted that the abuse of trust in the exercise of custodial authority is not a valid reason for departing from the sentencing guidelines. Marcott, 635 So .2d at 56-57; see also Wilson v. State, 567 So.2d 425 (Fla.1990) (finding that breach of trust is factor common in child molestation cases and thus cannot be valid reason for imposing a departure sentence). However, the district court determined that the trial court’s second departure reason, i.e., premeditation and planning over a long period of time, was valid under this Court’s decision in State v. Obojes, 604 So.2d 474 (Fla.1992). Accordingly, the district court affirmed Marcott’s departure sentence. However, because the district court was concerned about extending the rule announced in Obojes to sexual offenses other than the sexual battery, the court certified the question to this Court. 635 So.2d at 57.
In Obojes, this Court held that heightened premeditation or calculation is a sufficient reason for departure in a sexual battery case. 604 So.2d at 475. Obojes was convicted of sexual battéry and sentenced to a departure sentence based upon the considerable advance planning and premeditation that he exhibited in committing the offenses. Id. On appeal, the district court rejected advance *979 planning and premeditation as a valid reason for departure in a sexual battery case and reversed the sentence. Obojes v. State, 590 So.2d 461, 464-65 (Fla. 1st DCA 1991). In response to a question certified by the district court, this Court explained that heightened premeditation or calculation was a valid reason for the departure sentence because premeditation is not an inherent component of the crime of sexual battery. 604 So.2d at 475. We limited our holding “exclusively to sexual offenses” and stressed that “heightened premeditation never can be a reason for departure in cases that inherently involve cold forethought, such as conspiracy or drug trafficking eases.” Id.
, As in the crime of sexual battery, premeditation or calculation is not an inherent component of the crimes at issue here, lewd or lascivious conduct in the presence of a child and a lewd act upon a child. See § 800.04, Fla.Stat. (1991).[1] Thus, the rule announced in Obojes is applicable to the sexual offenses at issue here and evidence of heightened premeditation would be a valid reason for imposing a departure sentence.
While we agree with the district court’s determination that evidence of heightened premeditation or calculation can be a valid basis for a departure sentence in sexual offenses generally, we do not agree with the court’s conclusion that such premeditation was shown in this case. The evidence presented at trial established that Marcott was an involved step-grandparent, routinely took the children on camping trips, and helped his wife supervise the children before and after school. Marcott, 635 So.2d at 56. Although Marcott took the children on camping trips for three years, the offenses at issue allegedly occurred only during the third year when Marcott’s wife was unable to accompany the group. Other offenses allegedly occurred m Marcott’s home when he was alone with the children. The trial court concluded that these camping trips were conducted to gain the confidence of the children’s parents, thereby making the children more vulnerable to Marcott’s purposes, and that he cultivated love between the children and himself in furtherance of his criminal purpose. Id.
However, we find no record evidence to support the trial court’s conclusions. Instead we agree with Judge Ervin that this evidence “hardly reveals [Marcott’s] ability to accomplish his lewd acts upon the three children pursuant to either a careful plan or prearranged design formulated with cold forethought. Rather, it reveals simply a violation of a close, family tie between the defendant and his step-grandchildren, a circumstance which cannot be considered a valid reason for departure under Wilson.” Marcott, 635 So.2d at 58 (Ervin, J., concurring and dissenting) (citation omitted).
Accordingly, we answer the first part of the certified question in the affirmative, which also effectively answers the second part of the question in the negative. We approve in part and quash in part the decision of the district court and remand this case for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.

. Section 800.04, Florida Statutes (1991), provides:
Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent maimer;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.01 l(l)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years, without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim’s lack of chastity nor the victim’s consent is a defense to the crime proscribed by this section.