962 So.2d 367 (2007)
Vinson PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2624.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Vinson Peterson appeals a conviction for violation of probation and his resulting sentence of twenty-two years in prison. Peterson argues the trial court erred in finding he violated his probation and erred in giving him an illegal sentence of twenty-two years. We find no error in the trial court's determination of violation of probation and affirm the trial court's decision on this issue. However, we agree with Peterson's contention that his twenty-two year sentence is illegal and reverse and remand for resentencing.
"The legality of a sentence is a question of law and is subject to de novo review." *368 Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005). At issue in this case is whether the trial court erred in failing to enter a written order specifying the specific condition Peterson violated, in adding four points to Peterson's sentence for legal constraint, and in adding forty points for victim injury.
Initially, we hold it was error for the trial court to fail to enter a written order finding a violation of probation had occurred and identifying the specific condition that was violated. We remand the case to allow the trial court to enter the written order. See Rey v. State, 904 So.2d 566 (Fla. 4th DCA 2005) ("remanding for entry of a written order of revocation of probation specifying the conditions appellant was found to have violated").
Next we turn to Peterson's contention that the trial court erred in adding points to his original sentencing scoresheet. In 1991 Peterson pleaded guilty to three counts of attempted sexual battery on a person under the age of twelve. Peterson's original sentencing scoresheet listed a total of 281 points, with no points listed for victim injuries or for legal constraint. His guidelines sentence was seven to nine years with a permitted sentence of five-and-a-half to twelve years. The trial court sentenced Peterson to seven years in prison followed by ten years of probation. Following his release and subsequent violations of probation, Peterson was sentenced for the instant violation of probation. In imposing Peterson's current sentence, the trial court listed 281 points for Peterson's original crimes, and added 4 points for legal constraint and forty points for victim injury.
We find it was error for the trial court to add four points to Peterson's sentencing scoresheet for legal constraint at the time of the original offense. The State concedes there was no evidence presented that Peterson was on probation when the underlying offenses occurred. On remand, the trial court should remove these four points from Peterson's sentencing scoresheet. See Gibbs v. State, 667 So.2d 371 (Fla. 1st DCA 1995) ("Upon violating probation, a defendant cannot be sentenced to a term that could not have been validly imposed at the time of initial sentencing.").
Further, we find it was error for the trial court to add forty points to Peterson's scoresheet for victim injury. The State argues that the probable cause affidavit in the underlying case shows there was a basis for finding victim injury. However, this probable cause affidavit was not relied upon at the original sentencing hearing in 1991 and "[can]not be the basis upon which the trial court based its conclusions of . . . victim injury." McMillan v. State, 541 So.2d 152, 153 (Fla. 4th DCA 1989). There was no evidence of actual victim injury presented at the original sentencing hearing, and in fact, the charge was reduced to attempted sexual battery rather than sexual battery. Therefore, we find it was error for the trial court to add forty points for victim injury. See Marrs v. State, 770 So.2d 277, 279 (Fla. 4th DCA 2000)(error to include victim injury points on sentencing scoresheet where no points were found on original scoresheet and issue was not fully explored at sentencing). These points should also be removed upon remand.
However, we find that on remand the trial court is permitted to bump Peterson's sentence up two cells for violations of probation that occurred prior to the instant violation of probation.
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be *369 included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
Fla. R.Crim. P. 3.701(d)(14).
[W]here there are multiple violations of probation, the sentence may be successively bumped to one higher cell for each violation. To hold otherwise might discourage judges from giving probationers a second or even a third chance. Moreover, a defendant who has been given two or more chances to stay out of jail may logically expect to be penalized for failing to take advantage of the opportunity.
Williams v. State, 594 So.2d 273, 275 (Fla. 1992). In this case, the trial court determined that Peterson had violated his probation on two prior occasions, thereby allowing his sentence to be bumped up two cells in the sentencing guidelines.
We find that the trial court erred in failing to enter a written order specifying the specific condition of probation that Peterson violated and in adding points to his sentencing scoresheet for legal constraint and victim injury. We reverse Peterson's sentence and remand the case for entry of a written order specifying the specific condition of probation that was violated and for resentencing without the added points for legal constraint or victim injury. In resentencing Peterson, the trial court is permitted to bump Peterson's sentence up two cells for his previous violations of probation.
STEVENSON and TAYLOR, JJ., concur.