WARNER, J.
 

 We affirm the trial court’s revocation of appellant’s probation and sentence to thirty months in prison following a violation of probation hearing. A condition of the probation of the appellant, a registered sex offender, prohibited contact with minors without the presence of an adult who had been advised of appellant’s crime and was approved by the sentencing court. Appellant’s probation officer found him in the presence of his girlfriend’s minor children upon inspection of his residence, and the girlfriend had not been approved for supervision by the sentencing court. “The determination of whether a violation of probation is willful and substantial is a question of fact and will not be overturned
 
 *1002
 
 on appeal unless the record shows that there is no evidence to support it.”
 
 Riggins v. State,
 
 830 So.2d 920, 921 (Fla. 4th DCA 2002). As there was evidence to support the trial court’s conclusion, we affirm.
 

 We remand, however, for the court to enter a written order listing the specific conditions which were violated.
 
 See Turner v. State,
 
 963 So.2d 286 (Fla. 4th DCA 2007);
 
 Peterson v. State,
 
 962 So.2d 367 (Fla. 4th DCA 2007);
 
 Watts v. State,
 
 688 So.2d 1018 (Fla. 4th DCA 1997).
 

 GROSS, C.J., and CIKLIN, J„ concur.